COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


PAUL M. DODSON
                                        MEMORANDUM OPINION[*] BY
v.         Record No. 2261-94-4         JUDGE LARRY G. ELDER
                                           NOVEMBER 28, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Gerald Bruce Lee, Judge


        Zelma L. Berger for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Paul M. Dodson (appellant) appeals his convictions for

robbery in violation of Code § 18.2-58 and use of a firearm in

the commission of a felony in violation of Code § 18.2-53.1.

Appellant contends the trial court erroneously allowed the

Commonwealth to introduce an accomplice's statement after

determining the statement was a declaration against penal

interest, which is an exception to the hearsay rule.

Specifically, appellant asserts (1) the statement was not against

the accomplice's penal interest at the time it was made; (2) the

accomplice was unaware of the nature of his statement; and (3)

the accomplice's statement was unreliable.  Because the trial

court erroneously determined the statement was against the

        [*]Pursuant  to  Code  §  17-116.010  this  opinion  is  not
designated for publication.

accomplice's penal interest at the time it was made, we reverse the convictions and remand the case for further action if the Commonwealth be so advised.

Viewed in the light most favorable to the Commonwealth, the facts reveal that between midnight and 1 a.m. on December 26, 1993, Raoul Perez and his wife were operating a video camera outside their apartment building in Oakton, Virginia. Two black men, one described as "smaller" and the other as "taller," approached the couple and asked for some matches. In court, Mr. Perez and his wife each identified the smaller black man as appellant. Appellant demanded Perez's camera and placed a handgun against Perez's temple when he refused to comply. The second man stood some distance away. After Perez released the camera, the two men fled the area. At the same time, a neighbor spotted two men run to and enter a nearby vehicle with personalized license tags.

Based on the December 27, 1993 statement of Rodrick Brown, later identified as the "taller" man accompanying appellant, police apprehended appellant. Testimony revealed Brown and appellant had previously been roommates in May 1993 but had since become hostile toward one another. Brown was called as a witness at appellant's trial but refused to testify on grounds of self-incrimination. Over appellant's hearsay objection, the trial court allowed the Commonwealth to introduce a hearsay statement Brown made to police after the incident, on the ground

2

that such statement was a declaration against Brown's penal interest.  Brown told police:

> We . . . picked Paul Dodson up at Springfield Mall, and we came back to Fairfax after we watched a movie, came back to Fairfax, and we was [sic] at Oakton Park, because he said he wanted to go talk to one of his friends, or whatever.  And it turns out that he didn't have no [sic] friends over there, he just wanted to stick someone up.  And he--all right.  He got out of the car, and told me--first of all, he told me to come with him, so I was like, cool.  I went with him, and when we was [sic] walking past the basketball court, and I told him--I was like--it was [sic] some people over there playing.  I wanted to go over there and play, shooting until he got back.  And he said, "No, man.  Just come with me.  Come with me."  So we kept walking down the street, and we seen [sic] this man with a video camera.  And Paul went up to him and asked him if he had a light, and the dude said no, he don't [sic] smoke.  And then he just pulled the--he pulled a gun out of nowhere, and just demanded the video camera.  And I--as I was like, damn, should I run, or should I just stay, or what should I do?  So my first thing was to start running, when he put the gun to his head.  I just started running.  I didn't want to be around it.

Appellant presented two witnesses who were in the vehicle the morning of the robbery, each one testifying it was not appellant who was in the car with them, but rather another person named "Paul."  The witnesses also testified Brown told them the video camera found in the vehicle, and later carried into a witness's house by Brown, was a Christmas gift from Brown's mother.

A jury convicted appellant on both counts.

There exist three prerequisites for applicability of the declaration against penal interest exception to the rule against hearsay:  (1) the declarant must be unavailable; (2) the

3

statement must have been against the declarant's interest at the time the declaration was made; and (3) the declarant must have been aware at the time the statement was made that it was against his interest to make it. Boney v. Commonwealth, 16 Va. App. 638, 643, 432 S.E.2d 7, 10 (1993)(citing Charles E. Friend, The Law of Evidence in Virginia § 234 (3d ed. 1988)); see Morris v. Commonwealth, 229 Va. 145, 147, 326 S.E.2d 693, 694 (1985). Furthermore, the declaration "is admissible only upon a showing that the declaration is reliable." Ellison v. Ellison, 219 Va. 404, 408, 247 S.E.2d 685, 688 (1978). In this case, appellant contests all of the above prerequisites, except Brown's unavailability.

As this Court has said:

> A statement is against the declarant's penal interest if it subjects the declarant to criminal liability. United States v. Sarmiento-Perez, 633 F.2d 1092, 1101 (5th Cir. 1981), cert. denied, 459 U.S. 834 (1982). In making this determination, we must "look at the practical significance of statements made by a witness . . . and determine, given all of the circumstances," whether the statement subjected the witness to criminal liability. Witham v. Mabry, 596 F.2d 293, 297 (8th Cir. 1979).

Boney, 16 Va. App. at 643-44, 432 S.E.2d at 10.

Using the Boney standard, we hold Brown's statement was not against his penal interest when made because the portions of the statement relating events both during and after the offense did not subject Brown to criminal liability. As appellant asserts, the statement actually benefitted Brown because it cast him in

4

the role of an "innocent bystander" who did not plan or take part in the robbery in any way. This case differs from Boney, which the Commonwealth argues factually controls this case. In Boney, the out-of-court declarant specifically admitted to police he helped conceal the murder weapon that was involved in a homicide, which implicated the declarant at least as an accessory to the incident. Nothing in Brown's statement implicated him as an accessory to the crimes charged against appellant.

We disagree with the Commonwealth's contention that certain circumstances, when evaluated in conjunction with Brown's statement, subjected him to potential criminal liability. For example, Brown's flight from the crime scene and his entry into the same vehicle as appellant do not prove Brown acted as an accessory. If taken as true, Brown's statement reveals he was surprised appellant robbed Perez and fled from the scene upon observing the robbery occur. Furthermore, while Brown possessed a video recorder after the incident, there was no direct evidence that it was the same video recorder taken from Perez. We cannot infer that it was the same video recorder for the purpose of finding Brown's statement against his penal interests.

Finally, because we cannot say the trial court's error in allowing the introduction of Brown's statement did not affect the verdicts, we are unable to hold the error harmless. Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991)(en banc). Brown's statement to police stood as damning

5

evidence against appellant, as it contradicted testimony from Brown's cohorts that appellant was not at the scene of the crime.

Because we reverse on this issue, we need not reach the separate issues of (1) whether Brown was aware his statement was against his penal interest when he made it, or (2) whether there existed sufficient indicia of reliability to admit Brown's statement.

Accordingly, we reverse the convictions and remand the case to the trial court for further proceedings if the Commonwealth be so advised.

<u>Reversed.</u>
