## TEEB JUDE MORRIS, SR.

## V.

## COMMONWEALTH OF VIRGINIA

Record No. 831607

Decided March 8, 1985, at Richmond

Present: All the Justices

*Francis C. Terwilliger* for appellant.
*Roger L. Chaffe, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

COMPTON, J., delivered the opinion of the court.

The sole question in this criminal appeal is whether the trial court erred by restricting inquiry into the statements of a declarant who allegedly had confessed to the crime with which the defendant was charged.

On the subject of third-party confessions, we said in *Ellison* v. *Commonwealth*, 219 Va. 404, 408-09, 247 S.E.2d 685, 688 (1978):

"[I]t is settled in Virginia that, while a declaration against penal interest is recognized as an exception to the hearsay rule, such a declaration made out of court by a dead or otherwise unavailable witness is admissible only upon a showing that the declaration is reliable. We make no attempt here to delineate the quality or quantity of evidence necessary to establish reliability; the question must be left to the sound discretion of the trial court, to be determined upon the facts and circumstances of each case. But, in any case, once it is established that a third-party confession has been made, the crucial issue is whether the *content* of the confession is trustworthy. And determination of this issue turns upon whether, in the words of *Hines* [v. *Commonwealth*, 136 Va. 728, 748, 117 S.E. 843, 849 (1923)], the case is one where 'there is anything substantial other than the bare confession to connect the declarant with the crime.' "

Defendant Teeb Jude Morris, Sr., was indicted for the 1982 murder of one Fred E. Lawson. In a March 1983 jury trial, defendant was found guilty of second degree murder. Subsequently, the verdict was set aside and the defendant retried in June of 1983. He again was found guilty by a jury of murder of the second degree. The trial court confirmed the verdict, sentencing defendant to imprisonment for 15 years. We awarded defendant an appeal from the June 1983 judgment of conviction and limited the appeal to consideration of the foregoing issue.

During the afternoon of May 5, 1982, a group of middle-aged men were drinking wine beneath a bridge in the Town of Pulaski. An argument developed during the session and Lawson was stabbed to death by one of the group. Eyewitness testimony showed that defendant was the criminal agent. According to the evidence, defendant used a bandanna-wrapped knife that had been "tossed" to him by another member of the group, Billy Reid Horton. Joyce Spence Nelson, a convicted felon and an acquaintance of all the participants in the drinking session, testified defendant admitted to her the day after the crime that he had killed the victim. The defendant denied guilt and testified he was not at the site of the killing when the crime was committed.

The defendant sought to introduce evidence that Horton, the declarant, stated to Nelson that he had committed the murder. Out of the presence of the jury, defendant proffered the testimony

of Nelson. She stated the declarant told her a month after the first trial that the defendant did not kill the victim. The declarant said, according to Nelson, " 'I killed Lawson.' " In addition, the declarant stated to Nelson that, after the stabbing, one Garland Bryant had taken the declarant's overall jacket to the adjacent creek and washed the victim's blood from the sleeve. Also, Nelson testified the declarant told her that a red bandanna had been used at the scene to wipe the knife. Nelson said that at one point during the declarant's conversation with her he stated, " 'I have the knife in my pocket now that killed the man.' " At another point in the same conversation, according to Nelson, the declarant said he previously had thrown "the knife away." A knife had been found near the bridge a few days after the crime and was introduced in evidence as the murder weapon.

The trial court, relying on *Ellison*, refused to allow defendant to present to the jury Nelson's entire testimony about the alleged confession or to fully examine before the jury the declarant, who was in court. Instead, the trial court permitted the defendant merely to show that "Mr. Horton made this statement to her that he killed Fred Lawson, and [nothing] further."

Thereafter, responding to defendant's interrogation in the presence of the jury, Nelson testified only that the declarant told her he had killed the victim. Called by the defendant as an adverse witness, the declarant was asked only whether he stabbed the victim and whether he told Nelson that he stabbed the victim. The declarant answered both questions in the negative.

On appeal, the defendant contends that *Ellison* is not controlling here. He asserts the trial court erred in restricting his interrogation of Nelson and the declarant by refusing to permit him to show the details of the third-party confession and the circumstances surrounding it. We agree.

There is an important distinction between *Ellison* and the present case. The *Ellison* requirement of content reliability, applicable to third-party declarations against penal interest, was carefully crafted and limited to investigation of a "declaration made out of court by a dead or otherwise unavailable witness." In *Ellison*, the third-party confessor was not present and did not testify at the trial. 219 Va. at 407, 247 S.E.2d at 687. In contrast, the declarant in this case was present in court, testified, and denied that he killed the victim or that he confessed to the crime. This is a distinction which makes a difference.

As the *Hines* court stated, if the declarant "were present and testifying, but denying that he made any such confession, then his own original [statement] would not be available, and it would be competent and proper to introduce proof of the alleged confession by others who heard it, and let the jury determine as to the credibility of the testimony." 136 Va. at 745, 117 S.E. at 848. Thus, under these circumstances, the truth of the alleged confession, and the credibility of the witness who undertook to repeat the declaration, must, like the truthfulness of all other testimony, be settled by the jury. *See Newberry* v. *Commonwealth*, 191 Va. 445, 462, 61 S.E.2d 318, 326 (1950).

Accordingly, the trial court committed reversible error in refusing to permit the defendant to examine fully both Nelson and the declarant about the details and circumstances of the alleged confession. The judgment of conviction, therefore, will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*