COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


RICHARD LAWRENCE RANDOLPH
                                                OPINION BY
v.      Record No. 1383-95-4      JUDGE JOHANNA L. FITZPATRICK
                                             MARCH 11, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                 Benjamin N. A. Kendrick, Judge

        Richard J. McCue for appellant.

        Michael T. Judge, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



     Richard Lawrence Randolph (appellant) was convicted in a

joint jury trial of grand larceny, credit card theft, and

conspiracy to commit a felony.  On appeal, he argues that the

trial court erred in:  (1) admitting the hearsay statement of a

codefendant and (2) refusing to sever his trial from that of the

other defendants.  For the reasons that follow, we affirm the

judgments of the trial court.

                      **I.  BACKGROUND**

     On July 24, 1994, Sergeant Kenneth Hutton (Hutton) of the

Metropolitan Washington Airport Authority (MWAA) was on

pickpocket detail at National Airport.  At 7:10 p.m., he saw and

"recognized" appellant, who was walking toward the United

Airlines section of the airport with a green garment bag over his

shoulder.  Hutton followed appellant, lost sight of him, but then

found him in the American Airlines baggage claim area.  As Hutton

watched, appellant approached several people waiting to claim their baggage, standing inches behind each person for a few minutes and then moving on to another person. Appellant never claimed any baggage. He then went to the cab stand outside the Northwest Airlines baggage claim area, where he approached several people in the same manner.

When appellant left the cab stand, he entered the front passenger seat of a green Mercury automobile driven by codefendant, Joyce Chambers (Chambers), and put the green garment bag in the backseat. A few minutes later, Chambers drove toward the U.S. Air terminal. Sergeant Alan Pelleranan (Pelleranan), a MWAA officer, saw the car arrive with appellant, Chambers, Alice Coffey (Coffey), and Linda Williams (Williams). Appellant, Chambers, and Williams went into the terminal. When Hutton arrived at the terminal, he saw appellant and Chambers exit the terminal and walk to the shuttle bus stop. Appellant again approached people from behind while Chambers stood about fifteen feet away, looking around. Appellant and Chambers returned to the Mercury, parked nearby. The police then arrested appellant, Chambers, Coffey, and Williams, and transported them to the police station. After being advised of her Miranda rights, Chambers told Hutton that she and the others had come to the airport "to steal . . . to pick pockets."[1]

_____

[1]The evidence at trial established that on July 24, 1994, Jill Rosenfeld (Rosenfeld) flew from National Airport to Chicago

2

Appellant, Coffey, and Chambers were indicted for grand larceny, credit card theft, and conspiracy to commit a felony. Before trial, appellant moved to sever his trial from that of the other two defendants, arguing that (1) the Commonwealth had not established good cause for a joint trial and (2) a joint trial would prejudice him. Appellant specifically alleged that Chambers' statement about coming to the airport to "steal" and to "pick pockets" was inadmissible against him and its admission at a joint trial would constitute prejudice. The Commonwealth's attorney stated that he would "not be able to use some of the Commonwealth's evidence if I try [the defendants] together," and told the court, "I think it is unlikely that I'm going to use

on an 8:00 p.m. flight. After arriving in Chicago, she noticed that her purse "was lighter than normal" and discovered that her wallet was missing. The last time she had seen her wallet was when she bought a magazine at National Airport twenty minutes before her flight. Rosenfeld's wallet was found in Williams' purse, and her credit cards were found under a floor mat in the car driven by Chambers. Rosenfeld identified Coffey and Williams as having been in the area where she last used her wallet.

Denise Rollabouse (Rollabouse) testified that she was at National Airport in the U.S. Air terminal on the evening of July 24, 1994. She was waiting in the baggage claim area when she heard something behind her. She turned around and saw Williams with her wallet. Williams asked if the wallet belonged to Rollabouse, and she took the wallet from her. The wallet had previously been in Rollabouse's closed bag. Rollabouse reported the incident to airport security, provided a description of Williams, and later identified her.

3

[the statement].  I certainly will not use it unless I can find some legitimate case law to back it up."  The court denied the motion to sever, because "[t]he Commonwealth has stated that they are not going to use [the statement] at this time."

At trial, appellant renewed his motion to sever.  The Commonwealth's attorney represented that "it appears that if the statement is properly redacted, it can be used."  The trial court denied appellant's motion, ruling:

> [T]he statement is admissible if it's
> redacted to, ["]I came to steal,["] where
> it's clear there[] [are] no references to the
> other individuals that are on trial. . . .
> The Court will . . . instruct the jury at the
> time that that statement or that confession
> should be received as evidence of guilt only
> to the person who uttered the statement.

Later, appellant renewed his objection to Chambers' statement and requested a cautionary instruction, arguing that the statement was inadmissible against him because it was a statement made by a co-conspirator after the termination of the conspiracy and would not be admissible against him in a separate trial.  At trial, the Commonwealth's attorney argued that, even in a joint trial, the statement was admissible against appellant under the declaration against penal interest exception to the hearsay rule.  The trial court agreed with the Commonwealth, but allowed the statement only in the redacted form.  The court refused to give a cautionary instruction, because "[t]he Commonwealth has demonstrated the basis for the application of the exception to the hearsay rule of declaration against

4

interest.  It think it's proper and it will be admitted [without instruction]."

On March 23, 1995, appellant was convicted of grand larceny, three counts of credit card theft, and conspiracy to commit a felony.  The trial court sentenced appellant to five consecutive twelve-month sentences.

## II.  ADMISSION OF CODEFENDANT'S CONFESSION

Appellant asserts that his right to confrontation guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated.  He argues that the trial court erred in admitting Chambers' statement because, as the statement of a co-conspirator made after the termination of the conspiracy, it was inadmissible hearsay.  Additionally, appellant contends that, under Richardson v. Marsh, 481 U.S. 200 (1987), and Bruton v. United States, 391 U.S. 123 (1968), the admission of codefendant Chambers' statement in a joint trial without proper redaction and cautionary instruction violated the Confrontation Clause of the Sixth Amendment.

### A.  Right to Confrontation

The Sixth Amendment to the Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  The Confrontation Clause of the Sixth Amendment is applicable to the States under the Fourteenth Amendment.

5

Additionally, the Sixth Amendment right of an accused in a criminal case to confront the witnesses against him includes the right of cross-examination. See Idaho v. Wright, 497 U.S. 805, 813 (1990); Richardson, 481 U.S. at 206; Dutton v. Evans, 400 U.S. 74, 79 (1970); Pointer v. Texas, 380 U.S. 400, 404 (1965).

The United States Supreme Court recently held that "[w]here a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him." Cruz v. New York, 481 U.S. 186, 193 (1987) (emphasis added) (citation omitted); see also Thompson v. State of South Carolina, 672 F.Supp. 896, 902 (1987).[2] Under the converse of this standard, where the confession is directly admissible against the defendant, it may be admissible in the joint trial of the codefendants. See Wright, 497 U.S. at 814 ("'[T]he [Confrontation] Clause permits, where necessary, the admission of certain hearsay statements against a defendant

_____

[2]The Cruz standard modifies the standard previously adopted in Parker v. Randolph, 442 U.S. 62 (1979), where the Court held that the Confrontation Clause is violated only when introduction of the codefendant's confession is "devastating" to the defendant's case. See Thompson, 672 F.Supp. at 901.

despite the defendant's inability to confront the declarant at trial.'"); <u>Evans</u>, 400 U.S. at 89 (holding that the right of confrontation is not absolute and that a statement sufficiently clothed with indicia of reliability is properly placed before a jury though there is no confrontation with the declarant). Thus, the statement of a non-testifying codefendant "directly admissible" against another codefendant under an exception to the hearsay rule may be admitted in a joint trial without violating the Confrontation Clause.

## B. Declaration Against Penal Interest

We accept for purposes of this opinion appellant's contention that Chambers' statement would be excluded as the statement of a co-conspirator made after the termination of the conspiracy. <u>See</u> <u>Scaggs v. Commonwealth</u>, 5 Va. App. 1, 4-5, 359 S.E.2d 830, 831-32 (1987) ("[A] co-conspirator's statements made in the defendant's absence after the termination of the conspiracy are inadmissible in evidence at the defendant's trial because such statements are hearsay."). However, Chambers' statement is independently admissible against appellant as a declaration against penal interest made by an unavailable witness. "'[I]t is settled in Virginia that . . . a declaration against penal interest is recognized as an exception to the hearsay rule.'" <u>Id.</u> at 4-5, 359 S.E.2d at 832 (citation omitted). <u>See</u> <u>Chandler v. Commonwealth</u>, 249 Va. 270, 455 S.E.2d 219, <u>cert. denied</u>, 116 S. Ct. 233 (1995); <u>Lewis v. Commonwealth</u>,

7

18 Va. App. 5, 8, 441 S.E.2d 47, 49 (1994); <u>Morris v.
Commonwealth</u>, 229 Va. 145, 147, 326 S.E.2d 693, 694 (1985).  <u>See
also</u> <u>Raia v. Commonwealth</u>, Record No. 1950-95-4, slip op. at 6-7
(Va. Ct. App. Nov. 26, 1996) ("Admissibility into evidence of the
statement against interests of an unavailable witness is a
'firmly rooted' exception to the hearsay rule in Virginia.").[3]

_____

[3]In some jurisdictions, the admissibility of this exception,
for Sixth Amendment purposes, is unsettled.  In <u>United States v.
Battiste</u>, 834 F.Supp. 995 (N.D. Illinois, E.D. 1993), the court
disagreed with the Seventh Circuit's decision in <u>United States v.
York</u>, 933 F.2d 1343 (7th Cir.), <u>cert. denied</u>, 502 U.S. 916
(1991), that a declaration against penal interest is a "firmly
rooted" exception to the hearsay rule.  The <u>Battiste</u> court
concluded that this type of statement is "presumably unreliable."
 <u>Id.</u> at 1000-02.  As support for this holding, the court referred
to <u>Lee v. Illinois</u>, 476 U.S. 530, 544 n.5 (1986), as revealing
the Supreme Court's unwillingness to hold this exception as
"firmly rooted."  <u>Id.</u> at 1002.  However, in interpreting <u>Lee</u>, the
Seventh Circuit stated that:

> The <u>Lee</u> majority did not rule that the
> declaration against interest exception to the
> hearsay rule was not a firmly-rooted
> exception; it held merely that the
> accomplice's inculpatory declarations were
> presumptively unreliable because they were
> <u>not against interest</u> (it was whether the
> inculpatory portions of the confession were
> reliable, not whether the declaration against
> interest hearsay exception is firmly rooted,
> on which the majority and dissent disagreed)

In Chandler, the defendant and accomplices robbed a local convenience store. During the robbery, defendant shot and killed the store clerk. At trial, the court admitted a police officer's testimony regarding statements made by a codefendant during the officer's investigation of the case. Id. at 278, 455 S.E.2d at 224. Defendant objected to the admission of this statement, arguing that "portions of [codefendant's] statement were not self-inculpatory but rather incriminated [defendant]." Id. The Virginia Supreme Court affirmed the admissibility of the statement, based on the statement's reliability, and held that the statement clearly implicated codefendant as an accomplice and that "the inherent reliability of her statement is established by her expressed belief that she could be charged as an accessory to the crimes." Id. at 279, 455 S.E.2d at 224. The Court also decided that the reliability of the codefendant's statement was "buttressed" by other evidence presented at trial and concluded that the codefendant's "entire statement is admissible as a declaration against penal interest." Id. at 279, 455 S.E.2d at 225. Thus, as the Court established in Chandler, a co-conspirator's statement made after the termination of the conspiracy may be admissible under the declaration against penal

> . . . . [T]o be admitted under Rule 804(b)(3), the inculpatory portion of a statement against interest must be sufficiently reliable . . . to satisfy the [C]onfrontation [C]lause.

York, 933 F.2d at 1363-64 n.4 (emphasis added).

9

interest exception to the hearsay rule.[4]

In Virginia, for a declaration against penal interest to be admissible, it must meet the following requirements:  (1) the declarant must be "unavailable to testify at trial," Lewis, 18 Va. App. at 8, 441 S.E.2d at 49; (2) the statement must be against the declarant's interest at the time it was made; see Boney v. Commonwealth, 16 Va. App. 638, 643, 432 S.E.2d 7, 10

_____

[4]Additionally, the United States Court of Appeals for the Fourth Circuit held that the admission of a statement under the declaration against penal interest exception does not violate the Confrontation Clause.  See United States v. Workman, 860 F.2d 140 (4th Cir.), cert. denied, 489 U.S. 1078 (1989) (affirming the indicia of reliability of this exception).  The court reasoned that "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."  Id. at 144-45.  The court concluded that the declaration against penal interest has indicia of reliability warranting its admissibility as an exception to the hearsay rule while at the same time warranting its admission under the Confrontation Clause.  Id. at 145.

10

(1993); and (3) the declarant must be aware at the time the statement is made that it is against his or her interest to make it. Id. See also Raia, Record No. 1950-95-4, slip op. at 4 (Va. Ct. App. Nov. 26, 1996).[5] While it is settled in Virginia that a declaration against penal interest is recognized as an exception to the hearsay rule, "'such a declaration made out of court by . . . [an] unavailable witness is admissible only upon a showing that the declaration is reliable.'" Morris, 229 Va. at 147, 326 S.E.2d at 694 (quoting Ellison v. Commonwealth, 219 Va. 404, 408-09, 247 S.E.2d 685, 688 (1978)) (emphasis added). Thus, by requiring the statement to be sufficiently reliable, the exception as recognized in Virginia comports with the standard articulated in York.

In determining whether a statement is against a declarant's penal interest, "the inherent reliability of [the] statement is

_____

[5]The United States Court of Appeals for the Eleventh Circuit set forth a similar three-prong test for evaluating whether a statement is admissible under the declaration against penal interest exception of Federal Rule of Evidence 804(b)(3): "[(1)] [A] statement must be against the penal interest of the declarant[;] [(2)] corroborating circumstances must exist indicating the trustworthiness of the statement; and [(3)] the declarant must be unavailable." United States v. Harrell, 788 F.2d 1524, 1526 (11th Cir. 1986).

11

established by [the declarant's] expressed belief that she could be charged as an accessory to the crimes." Chandler, 249 Va. at 279, 455 S.E.2d at 224. It is generally recognized that such "[d]eclarations against interest are admissible as an exception to the hearsay rule because it is felt that a person will not usually make statements damaging to his own interests unless such statements are true." 2 Charles E. Friend, The Law of Evidence in Virginia § 18-12 (4th ed. 1996). Where the evidence shows the declarant's "knowledge of and complicity in the criminal act and expose[s] [declarant] to liability as an accessory to the crimes," the statement will be admissible as a declaration against penal interest. Chandler, 249 Va. at 279, 455 S.E.2d at 225. Notably, the Virginia Supreme Court has made "'no attempt . . . to delineate the quality or quantity of evidence necessary to establish reliability; the question must be left to the sound discretion of the trial court, to be determined upon the facts and circumstances of each case.'" Morris, 229 Va. at 147, 326 S.E.2d at 694 (citation omitted). However, the Court emphasized that "'in any case, once it has been established that a third-party confession has been made, the crucial issue is whether the content of the confession is trustworthy. And determination of this issue turns upon whether . . . the case is one where "there is anything substantial other than the bare confession to connect the declarant with the crime."'" Id. (citations omitted). Accord Scaggs, 5 Va. App. at 5, 359 S.E.2d at 832.

12

In the instant case, the Commonwealth was not required to call Chambers as a witness to establish her unavailability because, as a codefendant in the joint trial, Chambers could not be compelled to testify. See Va. Const. art. I, § 8 (no defendant shall "be compelled in any criminal proceeding to give evidence against himself"). See also Harrell, 788 F.2d at 1526 (holding that codefendant declarants were unavailable for purposes of the declaration against penal interest exception because "they were on trial and thus were privileged against testifying").

Codefendant Chambers made the statement after being arrested for credit card theft. The other evidence in the case clearly established the context of her statement and corroborated its trustworthiness and its reliability, even though reliability was not raised as an issue. Thus, in a separate trial, Chambers' confession that she and the other defendants went to the airport "to steal . . . to pick pockets" would meet the requirements of Chandler, and would be admissible against appellant as a declaration against Chambers' penal interest. See also Raia, Record No. 1950-95-4 (Va. Ct. App. Nov. 26, 1996) (applying Virginia's three-prong test and holding that an accomplice's statement against her penal interest was admissible in the separate trial of the defendant). It remains for us to determine whether the same statement would be admissible in a joint trial.[6]

_____

[6]"Approximately one-half of all American jurisdictions . . .

13

## C.  Joint Trial

Appellant argues that, in the context of a joint trial under Code § 19.2-262.1, the admission of Chambers' statement effectively denied his Sixth Amendment right to confront Chambers, and the trial court should have excluded her confession.  Appellant relies on the United States Supreme Court cases of Bruton v. United States, 391 U.S. 123 (1968), and Richardson v. Marsh, 481 U.S. 200 (1987), to support this

---

do not recognize a hearsay exception which would allow the prosecution to use, under certain circumstances, a codefendant's confession as evidence against his or her fellow defendant . . . . [T]hese jurisdictions do not recognize a hearsay exception permitting the use of 'third-party inculpatory declarations against penal interest.'"  James B. Haddad and Richard G. Agin, A Potential Revolution in Bruton Doctrine:  Is Bruton Applicable Where Domestic Evidence Rules Prohibit Use of a Codefendant's Confession as Evidence Against a Defendant although the Confrontation Clause Would Allow Such Use?, 81 Crim. L. & Criminology 235, 236-37 (1990).  However, Virginia is not one of these states, and recognizes the exception.  See, e.g., Chandler, 249 Va. 270, 455 S.E.2d 219; Morris, 229 Va. 145, 326 S.E.2d 693; Lewis, 18 Va. App. 5, 441 S.E.2d 47; Scaggs, 5 Va. App. 1, 359 S.E.2d 830.

argument.

Bruton was a joint trial of two codefendants charged with armed postal robbery.  The trial court admitted in evidence the confession of one codefendant implicating the other defendant. The trial court then gave a "clear, concise and understandable instruction" that the confession could only be used against the declarant codefendant, and should be disregarded with respect to the defendant.  The Court of Appeals for the Eighth Circuit affirmed the defendant's conviction.  However, the United States Supreme Court reversed, holding as follows:

> [B]ecause of the substantial risk that the jury, despite instructions to the contrary, looked to [declarant's] incriminating extrajudicial statements in determining petitioner's guilt, admission of [declarant's] confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.

391 U.S. at 126 (emphasis added).  The Court further stated that "limiting instructions [are not acceptable] as an adequate substitute for petitioner's constitutional right of cross-examination."  Id. at 137.  The Court "emphasize[d] that the hearsay statement inculpating petitioner was clearly inadmissible against him under the traditional rules of evidence, the problem arising only because the statement was . . . admissible against the [codefendant] declarant."  Id. at 129 n.3 (emphasis added).  Thus, the Court reversed the conviction on the ground that the admission, in a joint trial, of a statement

15

admissible against the codefendant declarant but inadmissible against the other defendant violated the other defendant's right of confrontation.

Richardson, the other case relied on by appellant, dealt with a similar issue. In Richardson, also a joint trial, the trial court admitted over defendant's objection a codefendant's confession that had been redacted to omit all references to defendant. Although the codefendant's statement did not directly implicate defendant, as did the statement in Bruton, other evidence properly admitted against defendant at trial connected him to the codefendant's confession. The Supreme Court determined that even when a codefendant's confession is redacted to delete any reference to the defendant, if other evidence properly admitted links the defendant to the confession, a Confrontation Clause violation remains. The Court specifically held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson, 481 U.S. at 211 (emphasis added). The Court distinguished Bruton:

> If limited to facially incriminating confessions, Bruton can be complied with by redaction . . . . If extended to confessions incriminating by connection, not only is that not possible, but it is not even possible to predict the admissibility of a confession in advance of trial.

<u>Id.</u> at 208-09. Thus, in a joint trial where the codefendant's statement is redacted but other evidence links the defendant to the statement and <u>indirectly</u> implicates the defendant, <u>Richardson</u> requires both redaction and a limiting instruction to cure the prejudice to a defendant and render the statement admissible.

Both <u>Bruton</u> and <u>Richardson</u> involved a joint trial in which a codefendant's confession implicated the other defendant, but was otherwise inadmissible against him. Neither <u>Bruton</u> nor <u>Richardson</u> addressed a case in which a codefendant's confession is directly admissible against the other defendant under a recognized exception to the hearsay rule. Thus, appellant's reliance on the rationale of these cases is misplaced. Unlike <u>Bruton</u> and <u>Richardson</u>, in the case at bar, Chambers' statement was independently and directly admissible against appellant under a recognized exception to the hearsay rule, specifically, the declaration against penal interest exception. <u>See</u> Section II.A.

The <u>Bruton</u> Court declined to address the admissibility of such a statement under "any recognized exception to the hearsay rule." <u>See</u> <u>Bruton</u>, 391 U.S. at 128 n.3. <u>Bruton</u> "suggested that each jurisdiction can shape its own rules of evidence to admit some codefendant confessions as evidence against [another] defendant, under an exception to the hearsay rule," without violating the Confrontation Clause, "even where the defendant has no opportunity to cross-examine the confessing codefendant." James B. Haddad and Richard G. Agin, <u>A Potential Revolution in</u>

17

<u>Bruton Doctrine:  Is Bruton Applicable Where Domestic Evidence Rules Prohibit Use of a Codefendant's Confession as Evidence Against a Defendant although the Confrontation Clause Would Allow Such Use?</u>, 81 Crim. L. & Criminology 235, 236 (1990) (citing <u>Bruton</u>, 391 U.S. at 128 n.3).  <u>See also</u> <u>Evans</u>, 400 U.S. at 81 ("[I]t does not follow that because the federal courts have declined to extend the hearsay exception . . . such an extension automatically violates the Confrontation Clause.").  Moreover, "[i]n jurisdictions that admit inculpatory declarations against penal interest, admission of the codefendant's 'constitutionally reliable' confession as evidence against a defendant will avoid <u>Bruton</u>. . . .  The <u>Bruton</u> limiting instruction problem disappears once such a statement is admitted against the defendant." Haddad, <u>supra</u>, at 251.[7]

---

[7]The following cases demonstrate that some jurisdictions recognize the declaration against penal interest as being "firmly rooted" and/or reliable, and therefore admissible:  <u>United States v. York</u>, 933 F.2d 1343 (7th Cir.), <u>cert. denied</u>, 502 U.S. 916 (1991); <u>United States v. Workman</u>, 860 F.2d 140 (4th Cir. 1988); <u>United States v. Harrell</u>, 788 F.2d 1524 (11th Cir. 1986); <u>Farina v. State</u>, 679 So.2d 1151 (Fla. 1996) (statement may be admissible if sufficiently reliable); <u>State v. Nielsen</u>, 853 P.2d 256 (Or. 1993); <u>People v. Drake</u>, 785 P.2d 1253 (Colo. 1989); <u>State v. St. Pierre</u>, 759 P.2d 383 (Wash. 1988); <u>Commonwealth v. McLaughlin</u>, 303 N.E.2d 338 (Mass. 1973); and <u>People v. Gauthier</u>, 184 N.W.2d

18

In *Commonwealth v. McLaughlin*, the Supreme Court of Massachusetts held that, in a joint trial, admission of a non-testifying codefendant's statement against another defendant under a recognized exception to the hearsay rule does not violate the other defendant's Sixth Amendment right to confrontation. In addressing the *Bruton* issue, the court stated:

> In deciding the applicability of the *Bruton* rule to the present case, it is important to note that the rule does not purport to hold that a defendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment is violated whenever hearsay evidence is admitted against him and he is not able to cross-examine the person to whom the hearsay statement is attributed.

*McLaughlin*, 303 N.E.2d 338, 345 (Mass. 1973). The court further observed that "[a] number of cases decided since the *Bruton* case have held that defendants' rights under the Confrontation Clause . . . were not violated where hearsay evidence of a statement of a co-conspirator inculpating the defendant was admitted without opportunity by the defendant to cross-examine the co-conspirator." *Id.* The court explained the grounds for the admissibility of the statement:

> If the defendant had been tried alone, the same testimony would have been admissible against him under [a] hearsay rule exception . . . . In such a case the admissibility of the testimony would not depend on the availability of [the codefendant] for cross-examination by the defendant.

488 (Mich.Ct.App. 1970) (classifying exception as "long recognized").

19

Therefore the fact that the defendant did not have an opportunity to cross-examine [the codefendant] did not constitute a violation of his right under the Confrontation Clause

> . . . . For the same reason, there was no
> violation of the rule of the <u>Bruton</u> case.

<u>Id.</u> at 347.[8]

The limited scope of the <u>Bruton</u> holding was further noted in <u>Cruz</u>. The <u>Cruz</u> Court held that "where a nontestifying codefendant's confession incriminating the defendant is not <u>directly admissible</u> against the defendant, the Confrontation Clause bars its admission at their joint trial." <u>Cruz</u>, 481 U.S. at 194 (emphasis added). Additionally, the Seventh Circuit construed the <u>Bruton</u> decision as "predicated upon the <u>inadmissibility</u> of the statement against the defendant under the rules of evidence," thus reserving judgment on the admissibility of the hearsay statement under the rules applicable in the jurisdiction. <u>United States v. York</u>, 933 F.2d 1343, 1362 (7th Cir.), <u>cert. denied</u>, 502 U.S. 916 (1991) (emphasis added).[9] The

---

[8]<u>See also</u> <u>State v. St. Pierre</u>, 759 P.2d 383 (Wash. 1988), where the trial court admitted the declarant's statement in a joint trial of the defendants as a declaration against penal interest. The appellate court agreed that certain of the contested statements qualified as declarations against penal interest, holding that the statements possessed "sufficient 'indicia of reliability'" to be directly admissible in the trial against" a codefendant. <u>Id.</u> at 388-89.

[9]The court explained that "<u>Bruton</u> reflected the view that prevailed <u>prior</u> to the advent of the Federal Rules of Evidence

21

court held that "[w]here the [evidentiary] rules so permit, Bruton is inapplicable. Thus, under Bruton and subsequent cases, whether an inculpatory hearsay statement violates the [C]onfrontation [C]lause turns on the context of the rules of evidence." Id. at 1362 n.3.[10] Moreover, the Eleventh Circuit observed that "[c]ases interpreting Bruton have found its holding inapplicable where the evidence alleged to violate Bruton principles was properly admissible against the complaining party." United States v. Astling, 733 F.2d 1446, 1455 (11th Cir. 1984).[11]

---

that an inculpatory hearsay statement was inadmissible against an accused." Id. at 1362 n.2 (emphasis added).

[10]Although York involved a separate trial, the court's analysis is equally applicable to the joint trial context.

[11]In certain circumstances, the Supreme Court has declined to construe the Confrontation Clause literally as a per se bar to hearsay statements. The Supreme Court held that "[f]rom the earliest days of our Confrontation Clause jurisprudence, we have consistently held that the Clause does not necessarily prohibit the admission of hearsay statements against a criminal defendant, even though the admission of such statements might be thought to violate the literal terms of the Clause." Idaho v. Wright, 497 U.S. 805, 813 (1990). "We reaffirmed only recently that '[w]hile a literal interpretation of the Confrontation Clause could bar

22

The rationale of these cases is persuasive.  Neither the Virginia nor the United States Supreme Court has addressed the admissibility in a joint trial of a non-testifying codefendant's statement inculpating another defendant when a recognized exception to the hearsay rule rendered the codefendant's statement admissible against the other defendant.  However, the Virginia rules of evidence permit a codefendant's statement against interest to be used against another defendant when the defendants are separately tried.  We see no reason why the rule should be different in a joint trial and can find no objection in any United States Supreme Court case where the codefendant's confession is admissible against another defendant under an independent, "firmly rooted" exception to the hearsay rule. Thus, we hold that the trial court did not err in admitting Chambers' statement.

### III.  MOTION TO SEVER

Appellant next argues that the trial court erred in denying his motion to sever because the improper admission of Chambers'

---

the use of any out-of-court statements when the declarant is unavailable, this Court has rejected that view as "unintended and too extreme."'"  Id. at 814 (quoting Bourjaily v. United States, 483 U.S. 171, 182 (1987)).  Accord Ohio v. Roberts, 448 U.S. 56, 62-63 (1980).

23

statement prejudiced him.[12]

> Code § 19.2-262.1 provides, in pertinent part, as follows:
> On motion of the Commonwealth, for good cause shown, the court, in its <u>discretion</u>, may order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses to be tried jointly unless such joint trial would constitute prejudice to a defendant.

(Emphasis added). We have held that "[i]n determining whether a joint trial would prejudice a defendant, the trial court should require '[t]he party moving for severance [to] establish that <u>actual prejudice</u> would result from a joint trial.'" <u>Goodson v. Commonwealth</u>, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996) (quoting <u>United States v. Reavis</u>, 48 F.3d 763, 767 (4th Cir.), <u>cert. denied</u>, 115 S. Ct. 2597 (1995)) (emphasis added).

> [P]rejudice requiring severance . . . results only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. . . . The risk of prejudice will vary with the facts in each case," and "the determination of the risk of prejudice . . . [is left] to the sound

---

[12]Appellant also argues prejudice resulted because the three codefendants were seated together at trial and had antagonistic defenses. These arguments were not raised at trial. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

24

> discretion of the [trial] court."

Barnes v. Commonwealth, 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996) (citations omitted).[13]

We hold that the record in this case shows that appellant, the party moving for severance, failed to establish that actual prejudice resulted from the joint trial. The trial court properly admitted Chambers' statement under a recognized exception to the hearsay rule. See Goodson, 22 Va. App. at 71, 467 S.E.2d at 853. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[13]Redaction was not required in the instant case. The court's redaction of codefendant Chambers' statement did not harm appellant; rather, it made the statement less harmful to him. Moreover, appellant requested the redaction and cannot now object to it.

25