COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


ANTOINE LOPEZ LLOYD

MEMORANDUM OPINION[*] BY
v.          Record No. 2350-97-1          JUDGE NELSON T. OVERTON
NOVEMBER 24, 1998

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

L. Kim Van Horn (Overman, Cowardin &
Martin, P.L.C., on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Antoine Lopez Lloyd (defendant) appeals his convictions for

attempted robbery, maiming, and two counts of the use of a

firearm in the commission of a felony.  On appeal, he contends

the trial court erroneously admitted the statement of a

codefendant into evidence.  Because we hold this ascription of

error was not preserved for appeal, we affirm.

The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedental

value, we recite only those facts necessary to disposition of the

appeal.

Michael Eugene Williams, an eyewitness to the incident, told

police that defendant and Julius Debraux assaulted Anthony

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Sterling, robbed him and shot him as he fled from his attackers. The Commonwealth offered Williams's statement into evidence under the declaration against penal interest exception to the hearsay rule. Defendant's counsel objected on the grounds that Randolph v. Commonwealth, 24 Va. App. 345, 355, 482 S.E.2d 101, 105 (1997), required the Commonwealth to show the declarant, Williams, was unavailable.[1]

The trial court noted that Williams was in jail awaiting trial for offenses arising from the same incident and, therefore, he was unavailable. See Raia v. Commonwealth, 23 Va. App. 546, 550, 478 S.E.2d 328, 330 (1996) (holding that because a codefendant cannot be forced to incriminate himself in violation of the Fifth Amendment, he was unavailable for purposes of the hearsay exception). When Williams's statement was read into evidence by Detective Springfield, defendant's counsel made no further objection or argument.

Defendant's counsel concedes on appeal that Williams was unavailable. She now asserts that Williams's statement did not qualify under the exception because the statement was not against his penal interest. This is not the same argument advanced in the trial court. "No ruling of the trial court . . . will be

---

[1]The "penal interest" exception to the hearsay rule contains four requirements: (1) the declarant must be unavailable to testify, (2) the statement must be against the declarant's interest at the time it was made, (3) the declarant must be aware that it is against his interest and (4) it must be reliable. See Randolph, 24 Va. App. at 355, 482 S.E.2d at 105-06.

considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  Rule 5A:18.  <u>See</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  Because defendant's counsel did not make such objection in the trial court, the issue is barred from our consideration on appeal.

Because we find that the statement was admissible and, combined with the rest of the Commonwealth's evidence, it was sufficient to support the convictions, we affirm.  <u>See</u> Code § 8.01-680.

<u>Affirmed.</u>