COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Annunziata
Argued at Norfolk, Virginia


DARRELL DEWON JONES, S/K/A
 DARRELL DEVON JONES

v.          Record No. 2605-94-1          OPINION BY
                                  JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA          MARCH 12, 1996

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  John E. Clarkson, Judge

          Robert McL. Smith, III, for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Following a bench trial on September 13, 1994, the

appellant, Darrell Dewon Jones was convicted of first degree

murder and use of a firearm in the commission of a felony.  On

December 13, 1994, the trial court sentenced Jones to life

imprisonment for the murder and two years for use of a firearm.

Jones appeals his convictions, contending that the trial court

erred in declaring Michael Ray Brown an "unavailable" witness

and, on that basis, admitting a transcript of Brown's prior

testimony.  Finding no error, we affirm the convictions.

     At approximately 2:50 a.m. on the morning of July 3, 1992,

Raymond A. Watson died as a result of a gunshot wound to his

back.  Less than one hour before, paramedics removed Watson from

his burgundy station wagon, which rested partially on the median

strip near the 6200 block of Chesapeake Boulevard in Norfolk.

Watson's car came to rest on the median after skipping a curb while leaving an adjacent parking lot. The fatal shot was fired from a .22-caliber firearm at a range of less than eighteen inches.

The police arrested Jones and charged him with Watson's murder. Jones executed a waiver of rights form and admitted being present at the scene of the crime. He told the police he saw another individual, Ben Tavers, shoot Watson while Watson sat in a dark-colored station wagon looking for drugs to buy, and that Watson then drove out of the lot over the curb. The police interviewed at least two other men, Christopher Johnson and Michael Ray Brown regarding the crime.

At the preliminary hearing, Brown testified as an eyewitness to the crime. He testified that on July 2, 1992 he was "hanging around" selling drugs for Jones in an area near the 6300 block of Chesapeake Boulevard in Norfolk. That afternoon, Brown saw Jones purchase a .22-caliber gun from a person identified as "Chris." Jones indicated that he intended to shoot the first "dope smoker" who came through the area. Brown testified that, around midnight that evening, he saw Jones and Ben Tavers approach a car, which had pulled into the area. Brown saw Jones fire two shots at the car's occupant from a range of approximately two to three feet. Brown further testified that when the driver attempted to flee, the car hit the curb and came to rest in the median strip on Chesapeake Boulevard. As the car drove away, Jones fired a third

shot and ran.  Brown stated that, later that morning, Jones admitted to him that he had shot Watson in the back.  Jones was thereafter indicted for Watson's murder.

At Jones' trial, the Commonwealth called both Johnson and Brown as witnesses.  Both men testified that they did not remember either the incident or having spoken with the police.  Brown further claimed that he did not know Jones and that he had no memory of the events leading to Watson's death.  In response to the Commonwealth's questions, Brown asserted his Fifth Amendment right against self-incrimination.  The Commonwealth then granted immunity to Brown, but Brown claimed that he did not want to testify.  Brown continued to maintain that he could not remember the crime.  He also maintained that he could not remember his statement to the police, or testimony at the preliminary hearing.

The trial court concluded that Brown's inability to remember his preliminary hearing testimony rendered him an "unavailable" witness.  Accordingly, the court allowed the Commonwealth to read into evidence Brown's testimony from the preliminary hearing, both to impeach Brown and as substantive evidence of Jones' guilt.

It is well established that "[t]estimony given at a former trial is admissible in evidence as an exception to the hearsay rule if certain requirements are met."  Doan v. Commonwealth, 15 Va. App. 87, 100, 422 S.E.2d 398, 405 (1992) (quoting Charles E.

Friend, The Law of Evidence in Virginia § 232 (3d ed. 1988)).

Jones concedes that the Commonwealth met all of the requirements

of the former testimony exception to the hearsay rule, except its

burden to show that the declarant, Brown, was "unavailable" at

the time of the trial.  The reliability of Brown's former

testimony is not at issue.

A declarant's "unavailability" is a prerequisite to the

admission into evidence of the declarant's former testimony

during the guilt phase of a trial.  See Doan, 15 Va. App. at 100

n.8, 422 S.E.2d at 405 n.8 (distinguishing Stockton v.

Commonwealth, 241 Va. 192, 204-05, 402 S.E.2d 196, 203, cert.

denied, 112 S. Ct. 280 (1991)).[1]  The party offering the hearsay

testimony has the burden of establishing the witness'

"unavailability."  See, e.g., Lewis v. Commonwealth, 18 Va. App.

5, 8-9, 441 S.E.2d 47, 49 (1994).  Determining whether the

offering party has met its burden and, thus, whether the

declarant is "unavailable," is left to the trial court's

discretion.  Burton v. Oldfield, 195 Va. 544, 550, 79 S.E.2d 660,

665 (1954).  Whether a witness' lack of memory renders the

witness "unavailable" is an issue of first impression in

Virginia.

In Doan, the Court enumerated seven conditions under which a

---

[1] In Stockton, the Supreme Court concluded that
unavailability was not required where the transcript was read
during sentencing phase "for the limited purpose of informing the
jury of the nature of the offense and the circumstances of the
crime."

declarant has been deemed unavailable:
> (1) The declarant is dead. (2) The declarant is too ill to testify. (3) The declarant is insane. (4) The declarant is absent from the state and the party is unable to obtain the declarant's deposition. (5) The party has been unable by diligent inquiry to locate the declarant. (6) The declarant cannot be compelled to testify. (7) The opposite party has  caused the declarant's absence.

15 Va. App. at 101, 422 S.E.2d at 406 (quoting Charles E. Friend, The Law of Evidence in Virginia § 231 (3d ed. 1988)).[2]  Jones argues that because a declarant's lack of memory is not one of the conditions listed in Doan, Brown was not "unavailable."

However, nothing in Doan suggests that it established an exhaustive list of the circumstances under which a declarant may be deemed "unavailable" or that it intended to constrain the Virginia Supreme Court's expansive statement of the rule set forth in Wise Terminal Co. v. McCormick, 107 Va. 376, 58 S.E. 584 (1907).  That rule, which is restated in Doan, states that a witness' "unavailability" is established if the court is satisfied that "a sufficient reason is shown why the original witness is not produced."  Doan, 15 Va. App. at 100, 422 S.E.2d at 405 (quoting Gray v. Graham, 231 Va. 1, 5, 341 S.E.2d 153, 155 (1986)); Wise Terminal, 107 Va. at 379, 58 S.E. at 585; Burton v. Oldfield, 195 Va. 544, 550, 79 S.E.2d 660, 664 (1954)

_____

[2] Professor Friend's list of conditions is based on Virginia Supreme Court decisions in which the issue of "unavailability" was determined in light of the particular circumstances of the case.

- 5 -

(unavailability shown where declarant is "dead, insane, or beyond the jurisdiction of the court or on diligent inquiry cannot be found or . . . [where] some other circumstance exists") (emphasis added); Director General v. Gordon, 134 Va. 381, 390, 114 S.E. 668, 670 (1922).[3]

In this case, the trial court did not abuse its discretion in finding that Brown's memory loss at trial, whether real or feigned, rendered him unavailable. Brown's testimony at trial was not forthcoming, despite the Commonwealth's repeated questions, its attempt to refresh his memory, and its grant of immunity. Brown admitted that he simply did not want to testify and ultimately could not be compelled to "remember." Thus, although Brown appeared in court and testified to his present lack of memory, he was "unavailable" for purposes of the exception. In such cases, the focus of the inquiry is not the unavailability of the witness but the unavailability of the testimony. See Morris v. Commonwealth, 229 Va. 145, 149, 326 S.E.2d 693, 695 (1985) (quoting Hines v. Commonwealth, 136 Va. 728, 745, 117 S.E. 843, 848 (1923)) ("If the declarant 'were

---

[3] Recognizing the distinction to be made between the potential scope of the rule governing the determination of "unavailability" and the list of particular factual circumstances or conditions which the Virginia Supreme Court found met the rule's requirements, Professor Friend comments that "[i]t is uncertain as to what constitutes `unavailability' for [the] purposes of the prior testimony exception. . . . Whether other types of unavailability will satisfy the requirement is not clear." Charles E. Friend, The Law of Evidence in Virginia § 18-10 (4th ed. 1993).

present and testifying, but denying that he made [the statement], then his own original [statement] would not be available'"); see also 29 Am. Jur. 2d Evidence § 695 (1994).

Jones also argues that admitting Brown's prior testimony deprived him of his constitutional right to confront Brown.  An accused's right to confrontation is satisfied with respect to the admission of prior testimony when the prior testimony was given under oath in an adversary judiciary proceeding, such as a preliminary hearing, at which the accused had an adequate opportunity to cross-examine the witness on the issues which later develop at trial.  Fisher v. Commonwealth, 217 Va. 808, 813, 232 S.E.2d 798, 801-02 (1977); Lassiter v. Commonwealth, 16 Va. App. 605, 614, 431 S.E.2d 900, 905 (1993).  Here, Jones cross-examined Brown at the preliminary hearing concerning Brown's identification of Jones as the killer.  For this reason, Jones' Sixth Amendment right of confrontation was met.

Accordingly, Jones' convictions are affirmed.

Affirmed.