COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Overton
Argued at Norfolk, Virginia


CLIFTON S. LONGSHORE, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 1007-98-1          JUDGE NELSON T. OVERTON
                                         JULY 13, 1999

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
               Robert S. Wahab, Jr., Judge Designate

          Peter J. Jankell for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     The trial judge convicted Clifton S. Longshore, Jr. of

robbery.  On this appeal, Longshore contends the trial judge erred

by permitting the Commonwealth to introduce into evidence the

preliminary hearing testimony of a witness who failed to appear at

trial.  Specifically, he argues that the witness' testimony was

hearsay and that the admission of the testimony violated his Sixth

Amendment right to confront the witness.  We disagree and affirm

the conviction.

                                 I.

     Clifton S. Longshore, Jr. was arrested for robbing Travis

Bundy.  At the preliminary hearing in the general district court,

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Bundy testified that the robbery occurred while he and Longshore were in a jail cell. Longshore's attorney called as a witness Thomas Lupton, who had been detained in the same jail cell. At the conclusion of the hearing, the general district court judge found probable cause to believe the robbery occurred. A grand jury indicted Longshore for the robbery.

Longshore's trial in the circuit court was scheduled for June 1997 and then continued to August 1997. Prior to the August trial, the prosecutor sought to obtain a ruling in limine permitting the Commonwealth to use at trial the preliminary hearing testimony of Lupton, whom the prosecutor claimed was unavailable to testify. In support of the motion, the prosecutor called as a witness the detective who investigated the robbery complaint. The detective testified that he spoke with Lupton a month prior to the preliminary hearing and on the day of the preliminary hearing. When Lupton failed to appear for the June trial, the detective called Lupton's residence and spoke with Lupton's mother, who said Lupton no longer lived there. Lupton's mother said she would try to get a message to Lupton. After a period of time with no response, the detective again called Lupton's mother who said she had not had any recent contact with Lupton and did not know where he was.

Contacting the Department of Motor Vehicles and the postal inspector, the detective learned that Lupton had not changed his address with those agencies. The detective then located a pager

-

number associated with Lupton, an employment address, and an employment telephone number. The person who responded to the page did not know Lupton. The person who answered the telephone at the employment number told the detective Lupton no longer worked there and left no forwarding address. On cross-examination, the detective testified he had checked several local jails but had not contacted the Department of Corrections. He did not inquire of other jail facilities outside the local area.

Expressing a concern "about the reliability" of Lupton's preliminary hearing testimony and proof of "due diligence," the trial judge granted a short recess to give the prosecutor additional time to locate Lupton. After a recess of several hours, the detective testified that he had checked all the local jails. The prosecutor represented that additional checks had been performed unsuccessfully through Lupton's "criminal history" record. The prosecutor also represented that she had asked Lupton to keep in touch with her after the preliminary hearing. Over Longshore's objection, the trial judge ruled that Lupton's preliminary hearing testimony was admissible as "an exception to the hearsay rule."

At trial, which immediately followed the in limine ruling, Bundy testified that on October 15, 1996, he was in the jail's holding cell after having been arrested for misdemeanor shoplifting. Longshore and ten other men were also in the cell. After midnight, Longshore approached Bundy, commented on Bundy's

-

shoes, and asked if he could have them.  Bundy refused to give them to Longshore.  Later, Longshore again approached Bundy and asked how much Bundy's ring cost and asked if he could have it.  When Bundy refused, Longshore grabbed him around the neck, demanded Bundy's ring and bracelet, and threatened to hit Bundy's head against the bars if Bundy did not comply.  Bundy gave Longshore both the ring and a bracelet.  After Bundy was released from jail, he reported the robbery.

Over Longshore's objection to Lupton's preliminary hearing testimony, the judge allowed as evidence Lupton's testimony as recorded in the transcript of the preliminary hearing.  Testifying on direct examination as Longshore's witness, Lupton said he was sitting next to Bundy in the holding cell when Longshore approached Bundy and "demanded all of his stuff, the money and the ring on [Bundy's] finger."  According to Lupton's testimony, Longshore walked away, then returned to Bundy, demanded Bundy's shoes, and threatened to "beat [Bundy] up."  On cross-examination by the Commonwealth, Lupton said Longshore "got a chain from . . . Bundy . . . [and] took the ring off of Bundy's finger."  Lupton also testified that a police officer later approached him and asked if he had seen the incident.

At the conclusion of the Commonwealth's case-in-chief in the circuit court, Longshore offered the testimony of several witnesses, including two men who were in the same holding cell with Bundy and Longshore.  Christopher Bower testified that he did

-

not see Longshore take jewelry from anyone.  He testified that he was "mostly, trying to sleep" but was able to hear "mostly everything that was going on."  James Morris also testified that he did not see anyone take jewelry from anyone else.

The trial judge convicted Longshore of robbery.  This appeal followed.

## II.

"It is well established that '[t]estimony given at a former trial is admissible as an exception to the hearsay rule if certain requirements are met.'"  Jones v. Commonwealth, 22 Va. App. 46, 50, 467 S.E.2d 841, 843 (1996) (citation omitted).  These requirements are as follows:

> "(1) The original witness must be unavailable.  (2) The witness who is now unavailable must have been testifying under oath (or affirmation) at the former trial.  (3) The issues must be substantially the same in both trials.  (4) The party against whom the hearsay testimony is now offered (or his privy in interest) must have been a party in the former trial.  (5) The witness who is now testifying as to what was said at the former trial must be able to do so with reasonable accuracy."

Doan v. Commonwealth, 15 Va. App. 87, 100, 422 S.E.2d 398, 405 (1992) (citation omitted).  The party offering the testimony bears the burden of establishing the witness' unavailability.  See Jones, 22 Va. App. at 50, 467 S.E.2d at 843.  Longshore contends the Commonwealth failed to meet that burden.

-

"'[A] declarant is unavailable if the party seeking to introduce the statement has been unable by diligent inquiry to locate the declarant.'"  Cooper v. Commonwealth, 26 Va. App. 537, 542, 496 S.E.2d 77, 79 (1998) (citation omitted).  We have held that reasonable or "[d]ue diligence is that amount of prudence 'as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances.'"  McDonnough v. Commonwealth, 25 Va. App. 120, 128, 486 S.E.2d 570, 574 (1997) (citation omitted).  This standard "requires only a good faith, reasonable effort; it does not require that every possibility, no matter how remote, be exhausted."  Id. at 129, 486 S.E.2d at 574.  Furthermore, "it is well established that the sufficiency of the proof to establish the unavailability of a witness is largely within the discretion of the trial [judge], and, in the absence of a showing that such discretion has been abused, will not be interfered with on appeal."  Burton v. Oldfield, 195 Va. 544, 550, 79 S.E.2d 660, 665 (1954).

The evidence at the pretrial hearing established that prior to Longshore's preliminary hearing Lupton lived with his family at an address on Fourth Street in Chesapeake.  Lupton appeared at the preliminary hearing in response to the Commonwealth's subpoena sent to that address.  Prior to Longshore's scheduled trial in June, the Commonwealth issued a subpoena for Lupton which was posted at the same address in Chesapeake.  See

-

McDonnough, 25 Va. App. at 129, 486 S.E.2d at 574 ("hold[ing] . . . that due diligence requires, at a minimum, that a party attempt to subpoena the witness or provide a reasonable explanation why a subpoena was not issued").  However, Lupton failed to appear at court in response to that subpoena.  When the trial was continued, the detective twice called Lupton's home address and spoke with Lupton's mother in unsuccessful attempts to locate Lupton.  The detective contacted the postal service, the Department of Motor Vehicles, penal facilities, and Lupton's former employer.  All these attempts proved unsuccessful.

Based on this evidence, the trial judge was sufficiently apprised of the Commonwealth's efforts and ruled that reasonable or due diligence had been exercised.  Unlike the circumstances in Doan, where the moving party made no showing of any attempt to secure the witness, see 15 Va. App. at 101, 422 S.E.2d at 406, the Commonwealth in this instance made a sufficient showing of its efforts.  We, therefore, conclude that the trial judge's finding that the Commonwealth exercised "reasonable [or due] diligence" did not constitute an abuse of discretion.

### III.

Longshore also argues that because the preliminary hearing is held for "a substantially different purpose than to establish if the accused committed a crime," the prior testimony exception is not applicable to testimony given at a preliminary hearing.

-

We disagree. Numerous cases in Virginia have held that testimony is admissible at trial if it was given at a preliminary hearing by a witness who is later unavailable at trial, provided all of the constitutional and hearsay constraints are properly addressed. See e.g., Shifflett v. Commonwealth, 218 Va. 25, 235 S.E.2d 316 (1977); Fisher v. Commonwealth, 217 Va. 808, 232 S.E.2d 798 (1977); Jones, 22 Va. App. 46, 467 S.E.2d 841.

Longshore contends these cases are distinguishable because Lupton was a defense witness. He argues that he did not have the opportunity to cross-examine or impeach Lupton, as would be the case at trial. However, the record does not establish that Longshore was denied the opportunity to declare Lupton a hostile witness once Lupton began corroborating Bundy's testimony and to vigorously examine Lupton once his testimony became adverse. See Code § 8.01-403. We see no reason to deviate from the rule that testimony from a preliminary hearing may, under these circumstances, be admitted into evidence at a subsequent trial.

IV.

Longshore further claims that the admission of Lupton's preliminary hearing testimony at trial violated his constitutional right "to be confronted with the witnesses against him." U.S. Const. amend. VI; See e.g. Pointer v. Texas, 380 U.S. 400, 406-07 (1965) (ruling that "a major reason underlying the constitutional confrontation rule is to give a

-

defendant charged with crime an opportunity to cross-examine the witnesses against him").  However, we note that the Supreme Court has held that the admission of an unavailable witness' prior trial testimony does not necessarily violate the Confrontation Clause.  See Mattox v. United States, 156 U.S. 237 (1895).  This is true so long as the moving party demonstrates (1) that the declarant is "unavailable," and (2) that the declarant's statement "bears adequate 'indicia of reliability.'" Ohio v. Roberts, 448 U.S. 56, 66 (1980).

Unavailability, for constitutional purposes, requires a showing that "the prosecutorial authorities have made a good-faith effort to obtain [the declarant's] presence at trial."  Barber v. Page, 390 U.S. 719, 724-25 (1968).  "The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness."  California v. Green, 399 U.S. 149, 189 n.22 (1970) (Harlan, J., concurring); Roberts, 448 U.S. at 74.

"Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception [or upon] . . . a showing of particularized guarantees of trustworthiness."  Roberts, 448 U.S. at 66 (footnote omitted). The prior trial testimony of a witness who was unavailable to testify at a subsequent trial has been held to be sufficiently reliable if "there was an adequate opportunity to cross-examine [the witness] at the first trial, and counsel for [the

-

defendant] availed himself of that opportunity."  Mancusi v. Stubbs, 408 U.S. 204, 216 (1972).

Applying these principles, we have held that "[o]nly when [a] witness' unavailability is proved, the issues and parties are the same, and complete and adequate cross-examination has been afforded on the issues, may testimony from another hearing be admitted at a subsequent trial."  Lassiter v. Commonwealth, 16 Va. App. 605, 614, 431 S.E.2d 900, 906 (1993).  We believe the record proves this standard has been met.  The trial judge properly found from the evidence that the Commonwealth exercised due diligence in its attempts to locate Lupton.  Furthermore, Lupton's testimony was constitutionally reliable.

The circumstances under which the prior testimony was admitted at trial in Roberts are strikingly similar to these circumstances.  In Roberts, a defense witness at the preliminary hearing gave testimony favorable to the prosecution.  See 448 U.S. at 58.  The witness was not declared hostile during the direct examination.  See id.  Later, the defendant was indicted. At trial, the trial judge ruled that the witness was unavailable and admitted into evidence a transcript of the witness' preliminary hearing testimony.  See id. at 59-60.  In ruling that the defendant's Sixth Amendment rights were not violated, the Supreme Court held that "'there was an adequate opportunity to cross-examine [the witness], and counsel . . . availed himself of that opportunity, the transcript . . . bore

-

sufficient "indicia of reliability" and afforded "'the trier of fact a satisfactory basis for evaluating the truth of the prior statement.'"'" Id. at 73 (citations and footnote omitted).

The record in this case establishes that Lupton's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Longshore was represented by counsel; Longshore had every opportunity to cross-examine Lupton; and a judicial record of the hearings was created. Under these circumstances, Lupton's statement was admissible at trial. See Green, 399 U.S. at 165. See also Shifflett, 218 Va. at 29, 235 S.E.2d at 319.

In conclusion, Lupton's preliminary hearing testimony was admissible at Longshore's trial under the prior testimony exception to the hearsay rule. Further, Longshore's Sixth Amendment confrontation rights were not violated. We therefore affirm the conviction.

Affirmed.

-

Benton, J., concurring, in part, and dissenting, in part.

I concur in Parts I and II. I disagree, however, with the majority's holding that Longshore's Sixth Amendment right "to be confronted with the witnesses against him" was not violated. I therefore dissent.

In "hold[ing] . . . that the Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right . . . made obligatory on the States by the Fourteenth Amendment," Pointer v. Texas, 380 U.S. 400, 403 (1965), the Supreme Court indicated that "a major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him." Id. at 406-07. In Pointer, an unavailable witness' preliminary hearing testimony was used at trial over the defendant's objection. The defendant did not cross-examine the witness at the preliminary hearing. Id. at 401. The Court ruled that the use of the witness' testimony at trial violated the defendant's Sixth Amendment right to confront the witness.

Pointer contains dicta noting that "[t]he case . . . would be quite a different one had [the witness'] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." Id. at 407 (emphasis added). This dicta, and dicta from California v. Green, 399

-

U.S. 149, 165 (1970), have been used by courts to suggest that the Confrontation Clause analysis is focused not on whether the defendant <u>actually</u> cross-examined the defendant, but whether the defendant was afforded the <u>opportunity</u> to cross-examine. <u>See</u> <u>Ohio v. Roberts</u>, 448 U.S. 56, 70 (1980). As to date, the Supreme Court has yet to resolve these issues. Furthermore, I believe it is significant that the Court's dicta recognized this possible exception might occur only if the prior testimony was given at "a full-fledged hearing." <u>Pointer</u>, 380 U.S. at 407.

In <u>Roberts</u>, the defendant was charged with forgery of a check and with possession of stolen credit cards. 448 U.S. at 58. Similar to the case before us, a witness called to testify for the defense at the preliminary hearing gave testimony favorable to the prosecution. <u>See</u> <u>id.</u> The defendant's counsel, however, "did not ask to have the witness declared hostile and did not request permission to place her on cross-examination." <u>Id.</u> Instead, defense counsel thoroughly examined the witness using leading questions. <u>See</u> <u>id.</u> at 70. When the witness failed to appear at trial, the trial judge permitted the prosecutor to enter into evidence the witness' preliminary hearing testimony. <u>See</u> <u>id.</u> at 59-60. The Supreme Court held that there was no Confrontation Clause violation. The Court, however, did "not decide whether . . . the mere <u>opportunity</u> to cross-examine [or even <u>de</u> <u>minimis</u> cross-examination] rendered the prior testimony admissible" because the record clearly

-

established that defense counsel "tested [the preliminary hearing witness'] testimony with the equivalent of significant cross-examination." Id. at 70 (emphasis added). The Court noted that "[n]o less than 17 plainly leading questions were asked [by defense counsel of the witness]." Id. at 70 n.11. The issue, therefore, was left unresolved.

We are left, however, with the following language, which provided the basis for the Court's decision:

> In sum, we perceive no reason to resolve the reliability issue differently here than the Court did in Green. "Since there was an adequate opportunity to cross-examine [the witness], and counsel . . . availed himself of that opportunity, the transcript . . . bore sufficient 'indicia of reliability' and afforded '"the trier of fact a satisfactory basis for evaluating the truth of the prior statement."'"

Id. at 73 (citation omitted) (emphasis added). The holding in Roberts, therefore, is premised on the defendant not only having the opportunity to cross-examine, but having actually cross-examined the witness. Indeed, on the question whether prior trial testimony of a witness is admissible at a subsequent trial when the witness is unavailable to testify, the Court has held that the prior testimony is sufficiently reliable if "there was an adequate opportunity to cross-examine [the witness] at the first trial, and counsel for [the defendant] availed himself of that opportunity." Mancusi v. Stubbs, 408 U.S. 204, 216 (1972) (emphasis added). See also Lassiter v. Commonwealth, 16

-

Va. App. 605, 614, 431 S.E.2d 900, 906 (1993) (holding that "[o]nly when [a] witness' unavailability is proved, the issues and parties are the same, and complete and adequate cross-examination has been afforded on the issues, may testimony from another hearing be admitted at a subsequent trial" (emphasis added)).

In contrast, the facts before us prove that Longshore's counsel neither cross-examined Lupton at the preliminary hearing nor engaged in the functional equivalent of cross-examination. Lupton's testimony was not "tested . . . with [any] equivalent of . . . cross-examination." Roberts, 448 U.S. at 70. Longshore's counsel's failure to cross-examine Lupton at the preliminary hearing could stem from a number of legitimate reasons, including the fact that Lupton was subpoenaed by the Commonwealth but not used as its witness. Indeed, Lupton's direct testimony at the preliminary hearing proved that Longshore made demands of Bundy but did not prove that a robbery occurred. Moreover, in Virginia a preliminary hearing poses limitations on defense counsel because the Supreme Court has ruled defense counsel may not use the proceeding for the purpose of discovering evidence to be used at trial. See Williams v. Commonwealth, 208 Va. 724, 729, 160 S.E.2d 781, 784 (1968). In this context, we must be mindful of the proper role of a preliminary hearing in the truth finding process.

-

> The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.

Barber v. Page, 390 U.S. 719, 725 (1968).

Because Longshore's questioning of Lupton at the preliminary hearing was neither cross-examination nor its equivalent, I would hold that Lupton's testimony was entered into evidence at trial in violation of the Confrontation Clause.