BENTON, Judge,
dissenting.
The Sixth Amendment provides, in part, that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” The United States Supreme Court has held that this right of confrontation is fundamental and is made obligatory on the States through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). While the Confrontation Clause and the hearsay rules have similar aims, their prohibitions are not equivalent. Idaho v. Wright, 497 U.S. 805, 814, 110 S.Ct. 3139, 111 L.Ed.2d 638. “The Confrontation Clause ... bars the admission of some evidence that would otherwise be admissible under an exception to the hearsay rule.” Id. In order to satisfy the Confrontation Clause, the prosecution must establish that use of the prior testimony is necessary because the declarant is unavailable and the evidence bears adequate “indicia of reliability,” such as where it falls within a firmly rooted hearsay exception. Id. at 814-15, 110 S.Ct. 3139.
The rule is well established in Virginia concerning the admission of such evidence as an exception to the hearsay rule. As a prerequisite to the admission into evidence of testimony given at a former hearing, the record must establish *530 the “unavailability” of the witness. Burton v. Oldfield, 195 Va. 544, 549-50, 79 S.E.2d 660, 664 (1954).
In this ease, the Commonwealth failed to satisfy the “unavailability” requirement necessary to conform to the strictures of both the Confrontation Clause and the hearsay rule. The record clearly establishes that Sean McClellan and Billy Perkins were present in the courtroom and testified under oath. In no sense can we say either was “an absent -witness,” which was the circumstance existing in Longshore v. Commonwealth, 260 Va. 3, 3, 530 S.E.2d 146, 146 (2000).
In addition, the testimony of each witness establishes that he was not “unavailable.” As we noted in Jones v. Commonwealth, 22 Va.App. 46, 467 S.E.2d 841 (1996), Virginia precedent has established a partial list of reasons why a declarant may be “unavailable,” including death, illness and the opposing party’s causing the declarant’s absence. 22 Va.App. at 50-51, 467 S.E.2d at 843. In Jones, we expressly decided as an issue of first impression in Virginia “[wjhether a witness’ lack of memory renders the witness ‘unavailable.’ ” Id. at 50, 467 S.E.2d at 843 (emphasis added). The record in that case established the following:
At Jones’ trial, the Commonwealth called both Johnson and Brown as witnesses. Both men testified that they did not remember either the incident or having spoken with the police. Brown further claimed that he did not know Jones and that he had no memory of the events leading to Watson’s death. In response to the Commonwealth’s questions, Brown asserted his Fifth Amendment right against self-incrimination. - The Commonwealth then granted immunity to Brown, but Brown claimed that he did not want to testify. Brown continued to maintain that he could not remember the crime. He also maintained that he could not remember his statement to the police, or testimony at the preliminary hearing.
Id. at 49, 467 S.E.2d at 843. Under these circumstances, the trial judge “concluded that Brown’s inability to remember his preliminary hearing testimony rendered him an ‘unavailable’ *531 witness.” Id. at 49-50, 467 S.E.2d at 843. We affirmed the trial judge’s decision to allow the use of the witness’ prior testimony, and we held that “although [the witness] appeared in court and testified to his present lack of memory, he was ‘unavailable.’ ” Id. at 52, 467 S.E.2d at 844. We did not hold that mere unwillingness to testify was sufficient to make a witness “unavailable.”
Citing Geraci v. Senkowski, 211 F.3d 6, 8 (2d Cir.2000), the Commonwealth argues that general fear of testifying makes a witness unavailable. In Geraei, however, the record established the following:
The trial court determined that Terranova had been “markedly evasive” in his testimony at the hearing. The trial court also found that the prosecution had demonstrated by clear and convincing evidence that Terranova had been threatened by [the accused] or someone acting on [the accused’s] behalf, and that if required to testify, he would do so falsely. As a result, the trial court found Terranova “practically unavailable” and permitted the use of his grand jury testimony in the prosecution’s case.
Id. at 8.
Upon these findings, the court in Geraei held that the witness “was ‘practically unavailable’ because of threats against him and his family made on behalf of [the accused].” Id. at 9. In other words, Geraei merely restates the well established, unremarkable proposition that “[an accused] who procures a witness’s absence waives the right of confrontation for all purposes with regard to that witness, not just to the admission of sworn hearsay statements.” United States v. Aguiar, 975 F.2d 45, 47 (2d Cir.1992).
I believe that we eviscerate the Confrontation Clause and the hearsay rule by expanding the meaning of “unavailability” to include a generalized fear of harm. This unprecedented expansion unreasonably curtails an accused’s right to confront the witnesses against him or her any time a witness simply refuses to testify without identifying a specific, credible threat. The majority’s position imposes a limitation that hinders the *532 accused’s right of confrontation and the fact finder’s ability to determine the truth of a matter.[1]
Furthermore, the Commonwealth has not borne its burden of proving that Sapp caused or contributed to the reluctance of these witnesses to testify. No evidence in this case tends to prove that Sapp or anyone acting on his behalf threatened or intimidated these witnesses. The evidence proves only that McClellan and Perkins were reluctant to testify and expressed only a general fear because of “hearing talk here and there in the streets.” This evidence was not sufficient to prove the witnesses were unavailable and would not have testified under proper circumstances and safeguards.
I would hold that the mere unwillingness of a witness to testify because of a generalized fear is insufficient to make the witness “unavailable.” Accordingly, I would hold that the trial judge erred by admitting into evidence at trial, as an exception to the hearsay rule and the commands of the Confrontation Clause, the witnesses’ prior testimony given at a preliminary hearing.
I dissent.

. The position taken by the majority and the trial judge is further undermined by the fact that the witnesses’ preliminary hearing testimony was admitted despite the witnesses’ fear that they would be harmed if they testified. In effect, these witnesses were allowed to control the presentation of their testimony. Rather than acquiesce to these conditions, the trial judge should have explored every avenue that might have led them to testify, including use of the contempt power.