COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


LESTER FRIZZELL MORRIS, JR.
                                  MEMORANDUM OPINION* BY
v.    Record No. 2905-00-2        JUDGE LARRY G. ELDER
                                      JANUARY 15, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                 Ernest P. Gates, Judge Designate

            (Linwood T. Wells, III, on brief), for
            appellant.  Appellant submitting on brief.

            Stephen R. McCullough, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     Lester Frizzell Morris (appellant) appeals from his bench

trial convictions for grand larceny of an automobile, reckless

driving, eluding a police officer, and driving on a suspended

license.  These convictions were rendered in a new trial

following the reversal of his original convictions for these

same offenses based on the trial court's improper failure to

strike a juror for cause.  See Morris v. Commonwealth, No.

0060-99-2 (Va. Ct. App. May 16, 2000).  In this second appeal,

appellant contends the trial court erroneously permitted the

assistant Commonwealth's attorney prosecuting the case to call

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

as a witness another member of the Commonwealth's Attorney's office to give testimony regarding the claimed unavailability for the second trial of one of the Commonwealth's witnesses, a police officer. Appellant also contends the trial court abused its discretion by accepting into evidence at his second trial the transcribed testimony of the police officer and four other witnesses, all of whom testified at appellant's first trial, and the testimony of a sixth witness who was deposed before she moved out-of-state prior to the first trial.

We hold that the admission of the testimony of an assistant Commonwealth's attorney was not error under the facts of this case. We also hold that, to the extent appellant preserved such arguments for appeal, the evidence supported the trial court's admission into evidence of the prior deposition and trial testimony of the witnesses unavailable for appellant's second trial. Therefore, we affirm appellant's convictions.

I.

A.

TESTIMONY OF PROSECUTOR

"[I]t is not desirable for the Commonwealth's Attorney to testify as a witness on a material point in a case." Bennett v. Commonwealth, 236 Va. 448, 464, 374 S.E.2d 303, 313 (1988). "[A] Commonwealth's attorney [who] expects to testify on a material point . . . should retire from the case and let another be appointed to prosecute." Durrette v. Commonwealth, 201 Va.

-

735, 745, 113 S.E.2d 842, 849 (1960); cf. Va. Rules of Professional Conduct, Rule 3.7 (noting that lawyer or member of his firm may testify in proceedings in which he is an advocate if "the testimony relates to an uncontested issue"); Matney v. Cedar Land Farms, Inc., 216 Va. 932, 937, 224 S.E.2d 162, 165-66 (1976) (citing former Va. Code of Prof. Resp., DR 5-101(B)(2)) (permitting law partner of defendant's trial counsel to testify about preparation of deed because testimony "'relate[d] solely to a matter of formality and there [was] no reason to believe that substantial evidence [would] be offered in opposition to the testimony'"). However, "[d]ecisions of this kind must be left to the sound discretion of the trial court," Bennett, 236 Va. at 464, 374 S.E.2d at 313, and where allowing the testimony "result[s] in no prejudice to the defendant," the trial court does not abuse its discretion in permitting the testimony, Durrette, 201 Va. at 745, 113 S.E.2d at 849. "[I]f the testimony will be uncontested, the ambiguities in the [attorney's] dual role are purely theoretical." Va. Rules of Professional Conduct, Rule 3.7, cmt. [3]; see also Matney, 216 Va. at 937, 224 S.E.2d at 165-66. Thus, the mere fact that the challenged testimony helps establish some matter on which the Commonwealth bears the burden of proof does not necessarily render that testimony material or prejudicial to the accused.

Here, the issue on which the Commonwealth offered the testimony of James O'Connell, an assistant Commonwealth's

-

attorney, related only to the unavailability of a witness, Officer Mark Drennan, to testify and not to appellant's guilt or innocence on the underlying charges.  Thus, it was more in the nature of a "formality" than "a material point."  Bennett, 236 Va. at 464, 374 S.E.2d at 313; Matney, 216 Va. at 937, 224 S.E.2d at 166.  Further, appellant did not offer any evidence in opposition to O'Connell's testimony that Officer Drennan had moved out-of-state.  Although offering O'Connell's testimony may have been ill-advised and it may have been possible for the Commonwealth to have offered this same testimony through one of Drennan's former colleagues at the police department, this possibility did not render the trial court's admission of O'Connell's testimony on Drennan's whereabouts an abuse of discretion.

B.

ADMISSIBILITY OF TRANSCRIPTS

"Both the United States Supreme Court and the Supreme Court of Virginia have long recognized the admissibility in a criminal trial of prior recorded testimony of an unavailable witness under certain circumstances."  Sapp v. Commonwealth, 35 Va. App. 519, 525, 546 S.E.2d 245, 248 (2001).  The party offering the testimony must prove, as a "preliminary condition," that "the declarant, whose former testimony is to be admitted into evidence as a hearsay exception, [is] 'unavailable.'"  Id. (quoting Doan v. Commonwealth, 15 Va. App. 87, 100, 422 S.E.2d

-

398, 405 (1992)).  Even if the party offering the prior

testimony proves the witness is unavailable, the testimony will

be inadmissible if it violates the other party's right of

confrontation.  See, e.g., Jones v. Commonwealth, 22 Va. App.

46, 52, 467 S.E.2d 841, 844 (1996).

   Two recognized bases for establishing the requisite

unavailability of a witness are (1) that "'[t]he declarant is

absent from the state and the party is unable to obtain the

declarant's deposition'" and (2) that "'[t]he party has been

unable by diligent inquiry to locate the declarant.'"  Doan, 15

Va. App. at 101, 422 S.E.2d at 406 (quoting Charles E. Friend,

The Law of Evidence in Virginia § 231 (3d ed. 1988)).  "[D]ue

diligence requires, at a minimum, that a party attempt to

subpoena the witness or provide a reasonable explanation why a

subpoena was not issued[, by providing, for example,] evidence

that . . . the witness is . . . beyond the reach of the court."

McDonnough v. Commonwealth, 25 Va. App. 120, 129, 486 S.E.2d

570, 574 (1997).

   Whether a party has used due diligence is a factual

question that will be reversed on appeal only if it is plainly

wrong or without evidence to support it.  Id. at 127, 486 S.E.2d

at 573.  "[T]he sufficiency of the proof to establish the

unavailability of a witness is largely within the discretion of

the trial court, and, in the absence of a showing that such

discretion has been abused, will not be interfered with on

-

appeal." Burton v. Oldfield, 195 Va. 544, 550, 79 S.E.2d 660, 665 (1954).

The Commonwealth concedes appellant preserved for appeal the confrontation issue but contends he failed to preserve the due diligence issue. As set out above, the Commonwealth, as the party offering the prior testimony into evidence, bore the burden of proving the witnesses' unavailability, which included proof that it used due diligence to attempt to locate those witnesses. Here, the Commonwealth argued the witnesses were unavailable, and the trial court expressly discussed and considered the issue of the witnesses' unavailability and the Commonwealth's efforts to locate them. In light of the Commonwealth's and trial court's statements, appellant's opposition to the admission of the prior testimony implicitly challenged the Commonwealth's evidence to prove unavailability and due diligence and, therefore, preserved these issues for appeal in a general sense. However, as discussed more fully below, appellant failed to provide the factual predicate necessary to permit the trial court to rule properly on the issue of availability of Anne and Sheree Cook for trial and, thus, failed to preserve for appeal the only viable objections to the admission of their testimony.

The evidence, viewed in the light most favorable to the Commonwealth, established that both Regina Hannah and Officer Mark Drennan lived out-of-state at the time of the second trial.

-

As set out above, one of the bases for concluding a witness is unavailable and permitting the admission of that witness' prior testimony is that "'[t]he declarant [witness] is absent from the state and the party is unable to obtain the declarant's deposition.'" Doan, 15 Va. App. at 101, 422 S.E.2d at 406 (quoting Friend, supra, § 231) (emphasis added).

Assuming without deciding the Commonwealth did not attempt to obtain Hannah's or Drennan's deposition for introduction at appellant's second trial, we hold that such an effort was unnecessary under the facts of this case. Both witnesses had already testified under oath, subject to full cross-examination by appellant. Hannah had testified by deposition in anticipation of her departure from the state prior to appellant's first trial. Similarly, Drennan had already testified under oath in appellant's first trial for the same offenses. The record contained no evidence that their testifying a second time was likely to uncover relevant facts not addressed in their original testimony. Thus, the trial court did not commit reversible error in admitting the prior deposition testimony of Hannah and the prior trial testimony of Officer Drennan based on the absence of those witnesses from the state.

As to the remaining witnesses, none of whom were alleged to have moved out-of-state, the issue, for each witness for whom appellant presented a proper factual predicate, is whether the

-

Commonwealth "'[was] unable by diligent inquiry to locate the declarant [witness].'" Id. (quoting Friend, supra, § 231) (emphasis added).

The record established that the Commonwealth had a subpoena issued for Exxon service station owner Michael T. Smith at his business address. We hold that issuance of a subpoena for Smith at his business address, the only address for him which appeared in the record, constituted "a good faith, reasonable effort" to locate Smith, see McDonnough, 25 Va. App. at 129, 486 S.E.2d at 574, and the return of the subpoena "NOT FOUND" was sufficient to prove Smith was unavailable.

As to the testimony of Department of Motor Vehicles (DMV) employee Carolyn Garrett, appellant argued that the Commonwealth did not subpoena Garrett for the second trial, and the Commonwealth offered no evidence that Garrett was beyond the reach of the court. The trial court agreed the record contained no subpoena for Garrett and noted, as a result, that "there is no evidence that [Garrett] was not available." Thus, in convicting appellant on retrial, the court did not consider Garrett's testimony.[1]

_____

[1] Even without Garrett's testimony, the trial court's admission of appellant's DMV records to prove appellant's license was suspended on February 7, 1998 was not error. See Code §§ 46.2-215, 46.2-383, 46.2-395; see also Smoot v. Commonwealth, 18 Va. App. 562, 565-66, 445 S.E.2d 688, 690 (1994) (discussing official documents exception to hearsay rule); Ingram v. Commonwealth, 1 Va. App. 335, 337-38, 338 S.E.2d 657, 658 (1986)

As to Anne Cook, the record contains no indication that the Commonwealth attempted to subpoena her for the second trial and no indication that attempting to subpoena her would have been fruitless. However, the record also contains no indication that appellant preserved this argument for appeal, see Rule 5A:18, because he did not bring to the trial court's attention the absence of a subpoena in the record for Anne Cook. If appellant had presented this argument to the trial court, the Commonwealth would have had an opportunity to offer evidence showing it exercised due diligence in attempting to secure Anne Cook's presence for trial. If the Commonwealth had failed to offer such evidence, we presume the trial court would have ruled correctly, as it did in the case of Carolyn Garrett, that the Commonwealth failed to prove unavailability because it did not take steps to have a subpoena issued. Thus, we hold that appellant waived his right to challenge any error in admitting Anne Cook's prior testimony by failing to bring to the trial court's attention the absence of a subpoena for her.

Appellant similarly failed to preserve for appeal any viable claim that Sheree Cook's prior testimony should not have been admitted because the Commonwealth failed to prove she was unavailable for the second trial. The trial court said the record contained two subpoenas for Sheree Cook for the second

(discussing authentication of DMV records and citing Code § 46.1-34.1, now Code § 46.2-215).

-

trial, one which was posted and another which was returned "Not Found."  Although the trial court's observations about the existence of two subpoenas are not supported by the record, appellant failed to bring this fact to the attention of the trial court.[2]  Thus, in the absence of a specific objection from appellant, evidence that a subpoena issued to Sheree Cook was returned "Not Found," as was the case with witness Michael Smith, was sufficient to prove Sheree Cook was unavailable for the second trial.

Appellant contends that even as to the witnesses for whom the evidence established unavailability, the admission of their prior testimony nevertheless violated his right of confrontation.  We disagree.  "An accused's right to confrontation is satisfied with respect to the admission of prior testimony when the prior testimony was given under oath in

_____

[2] The record contains only one subpoena issued for Sheree Cook for the second trial, which indicates it was served by posting.  A witness' failure to appear following service of a subpoena by posting, without more, is insufficient to prove unavailability because it leaves open the question of whether the witness received the subpoena and failed to appear, was detained on the way to court, or was truly unavailable in the sense that the Commonwealth was "'unable by diligent inquiry to locate [the witness].'"  Doan, 15 Va. App. at 101, 422 S.E.2d at 406 (quoting Friend, supra, § 231).  However, appellant's counsel failed to bring to the trial court's attention the fact that Cook was served only by posting and, thus, failed to preserve this argument for appeal.  Appellant's counsel also failed to argue that the Commonwealth should have attempted to subpoena Sheree Cook at Church's Fried Chicken, her place of employment at the time of the first trial and where it had successfully obtained personal service on her for the first trial.

-

an adversary judiciary proceeding . . . at which the accused had an adequate opportunity to cross-examine the witness on the issues which . . . develop at trial." Jones, 22 Va. App. at 52, 467 S.E.2d at 844; see Mancusi v. Stubbs, 408 U.S. 204, 216, 92 S. Ct. 2308, 2314, 33 L. Ed. 2d 293 (1972) (holding Confrontation Clause not violated by introduction on retrial of transcript of testimony of then-unavailable witness given at defendant's first trial nine years earlier); Fisher v. Commonwealth, 217 Va. 808, 812, 232 S.E.2d 798, 801 (1977) (discussing Mancusi and observation in Pointer v. Texas, 380 U.S. 400, 407, 85 S. Ct. 1065, 1069, 13 L. Ed. 2d 923 (1965), that presence of counsel and opportunity for full cross-examination were highly relevant in determining whether prior testimony of unavailable witness was admissible).

Here, appellant was represented by counsel in the original trial and continues to be represented by the same attorney on appeal. In the pretrial deposition and at the first trial, appellant's attorney ably cross-examined the Commonwealth's witnesses and attempted to impeach the credibility of the only witness who could place appellant in the stolen car on the date and time in question. The offenses on retrial were identical to those in the first trial. Thus, the evidence supports the trial court's implicit ruling that the introduction of the prior testimony did not violate appellant's right of confrontation.

-

                                   II.

     For these reasons, we hold that the admission of the

testimony of an assistant Commonwealth's attorney was not error

under the facts of this case.  We also hold that, to the extent

appellant preserved such arguments for appeal, the evidence

supported the trial court's admission into evidence of the

challenged deposition and trial testimony of the witnesses

proved to be unavailable for appellant's second trial.

Therefore, we affirm appellant's convictions.

                                                <u>Affirmed.</u>