COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Hodges
Argued at Salem, Virginia


HUBERT NOWLIN
                                              OPINION BY
v.    Record No. 0961-02-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            APRIL 15, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                        Charles M. Stone, Judge

            Robert A. Williams (Williams, Luck &
            Williams, on brief), for appellant.

            Richard B. Smith, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


        Hubert Nowlin (appellant) appeals from his bench trial

conviction for possession of a firearm after having been convicted

of a felony in violation of Code § 18.2-308.2.  On appeal, he

contends the trial court erred in admitting his wife's statement

into evidence against him, in violation of his Sixth Amendment

rights.  Finding no error, we affirm.

                        I.  BACKGROUND

        Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

On May 5, 2000 appellant went to the City of Martinsville Police

Department and reported that his wife shot at him and tried to

kill him. Appellant spoke to Investigator Stuart Hayzlett, who considered appellant "a victim." The police arrested appellant's wife and questioned her about the shooting. Wife confessed to the shooting and, when asked by the police, stated that she got the gun from the marital home. "While [appellant] was making [his] report" to the police about the shooting, he told Hayzlett "that there were a number of firearms at the house, at his residence." Hayzlett knew that appellant was a convicted felon, so he asked appellant for permission to search the house for firearms. Appellant and wife both gave written consent for the police to search the marital residence for firearms.

Pursuant to these consents, Hayzlett, appellant and Officer Patrick Agee went to the marital home. When they arrived, appellant "took some keys out of his pocket and unlocked the front door." Once inside, Hayzlett "asked [appellant] where the guns were. [Appellant] stated that they were back in <u>his</u> bedroom." (Emphasis added). Appellant then "led [the police] through the house to a room on the back right of the house." The room had a padlock on the door, and the bottom panel on the door had been knocked out. Appellant "took a key and unlocked that padlock" to allow Hayzlett and Agee access to the room. Again, Hayzlett asked appellant where the guns were and appellant replied "in the closet." Appellant then "walked to the closet, pulled back a drape or curtain and said, 'Here they are.'" Hayzlett and Agee found a total of 13 firearms in the house, including one that appellant pointed out they had overlooked. Hayzlett and Agee also found a large amount of ammunition in the trunk and driver's console of appellant's car.

-

At trial appellant testified in his own defense and denied that any of the 13 firearms the police found in the marital home were his. He stated that he had been gathering up the ammunition because his wife had threatened him and he wanted to "prevent injury." Appellant also denied that the keys he used to unlock the front door and the padlock on the bedroom door were his. The Commonwealth called appellant's wife to rebut this testimony; however, she invoked her spousal privilege, pursuant to Code § 19.2-271.2. At the Commonwealth's request, the trial court declared wife unavailable. The Commonwealth then called Sergeant Robert Fincher, who investigated the shooting, to testify about the statement wife gave to police when she confessed to shooting at appellant. Appellant objected to the statement of his wife as hearsay. The trial court found that the statement was admissible as an exception because it was "clearly against [wife's] penal interest" when made and allowed Fincher to testify about wife's statement. Fincher stated that when he asked wife where she got the gun she used to shoot at appellant, she replied

> I went into the bedroom. His bedroom door
> was locked. He keeps his bedroom door
> locked because we've got guns in there and I
> don't want the children around. I knocked
> the bottom out of the door and got all the
> guns out and put them in the truck, every
> one of them.

The trial court found appellant guilty on one count of possession of a firearm after having been convicted of a felony. At appellant's request, the trial court explained the basis of the conviction as follows:

> I felt that the fact that [appellant] . . .
> had the keys [to the house and the] locked

-

bedroom . . . and he unlocked the door and went in, and that [appellant] went immediately and showed the officer exactly where these weapons were.  There was no searching around the room for them, and actually pointed out to the officer one weapon that the officer had not seen in the search . . . I thought it was pretty obvious from the evidence that [appellant] was in, if not possession, certainly joint control of these weapons and that that's in violation of the statute.

## II.  Analysis

Appellant contends it was error for the trial court to admit into evidence wife's statement to the police because it was hearsay and violated his Sixth Amendment right to confront the witnesses against him.[1]  We disagree.

"The Sixth Amendment's Confrontation Clause, made applicable to the States through the Fourteenth Amendment, provides:  'In all

---

[1] The Commonwealth argues appellant's assignment of error is procedurally barred.  We hold that appellant properly preserved his assignment of error for appeal when he stated that admission of the hearsay statement improperly interfered with his right to cross-examine.

-

criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him.'"  Ohio v. Roberts, 448 U.S. 56, 62-63 (1980).  "The right to confront witnesses secured by the Sixth Amendment encompasses the right to cross-examine them."  Rankins v. Commonwealth, 31 Va. App. 352, 364, 523 S.E.2d 524, 530 (2000) (citing Cruz v. New York, 481 U.S. 186 (1987); Douglas v. Alabama, 380 U.S. 415, 418 (1965)).  "[W]hen deciding whether the admission of a declarant's out-of-court statements violates the Confrontation Clause, courts should independently review whether the government's proffered guarantees of trustworthiness satisfy the demands of the Clause."  Lilly v. Virginia, 527 U.S. 116, 137 (1999).

"The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay.  First, . . . the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant."  Roberts, 448 U.S. at 65.  Second, "the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule [for excluding hearsay].'"  Id.

> In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable.  Even then, his statement is admissible only if it bears adequate "indicia of reliability."  Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.

Id. at 66 (emphasis added).  In the instant case, the onus was therefore on the Commonwealth to show that:  (1) wife was

-

unavailable and (2) her statement to the police fell within "a firmly rooted exception to the hearsay rule."

A.  Unavailability of Declarant

A declarant is unavailable when she cannot be compelled to testify.  See Jones v. Commonwealth, 22 Va. App. 46, 50-51, 467 S.E.2d 841, 843 (1996); Doan v. Commonwealth, 15 Va. App. 87, 100, 422 S.E.2d 398, 405 (1992).  "[T]he focus of the inquiry is not the unavailability of the witness but the unavailability of the testimony."  Jones, 22 Va. App. at 52, 467 S.E.2d at 844.

At trial, the Commonwealth called wife as a rebuttal witness.  Wife took the stand and invoked her spousal immunity privilege pursuant to Code § 19.2-271.2, which provides:

> In criminal cases husband and wife shall be allowed, and . . . may be compelled to testify in behalf of each other, but neither shall be compelled to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other or against a minor child of either, (ii) in any case where either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other or (iii) in any proceeding relating to a violation of the laws pertaining to criminal sexual assault (§§ 18.2-61 through 18.2-67.10), crimes against nature (§ 18.2-361) involving a minor as a victim and provided the defendant and the victim are not married to each other, incest (§ 18.2-366), or abuse of children (§§ 18.2-370 through 18.2-371).

Thus, pursuant to the statute, once wife invoked the marital privilege, she could not be compelled to testify.  She was,

-

therefore, unavailable for the purpose of admitting her hearsay statement to the police.

## B.  Hearsay Exception

Under the second prong of the Confrontation Clause test, the statement must fall within a firmly rooted hearsay exception.  "A statement that is against the penal interest of the declarant at the time it is made is admissible as a declaration against interest exception to the hearsay prohibition."  Lewis v. Commonwealth, 18 Va. App. 5, 8, 441 S.E.2d 47, 49 (1994).  "It is settled in Virginia that a declaration against penal interest is recognized as an exception to the hearsay rule."  Randolph v. Commonwealth, 24 Va. App. 345, 353, 482 S.E.2d 101, 105 (1997).  "The admissibility of a statement made by an unavailable witness that is against his or her penal interest 'is a firmly rooted exception to the hearsay rule in Virginia.'"  Rankins, 31 Va. App. at 361-62, 523 S.E.2d at 528 (citing Lilly v. Commonwealth, 255 Va. 558, 575, 499 S.E.2d 522, 534 (1998), rev'd on other grounds, 527 U.S. 116 (1999)).

"Determining whether a statement against penal interest is reliable lies within the sound discretion of the trial court, to be determined upon the facts and circumstances of each case."  Rankins, 31 Va. App. at 363, 523 S.E.2d at 529 (internal quotations omitted).  "The particularized guarantees of trustworthiness required for admission under the Confrontation

-

Clause must be drawn from the totality of circumstances that surround the making of the statement and that render the declarant particularly worthy of belief."  Id. at 369, 523 S.E.2d at 532 (internal citations and quotations omitted).

> Under this exception, an out-of-court statement is admissible to prove the truth of the matters asserted therein if three requirements are met:  (1) the declarant is unavailable to testify at trial; (2) the statement is against the declarant's interest at the time it was made; and (3) the declarant is subjectively aware at the time the statement is made that it is against his or her interest to make it.

Id. at 362, 523 S.E.2d at 529.

The record proves that at the time wife gave the statement, she was in police custody for shooting at appellant.  She admitted the shooting and, when asked, explained where she got the gun.

> I went into the bedroom.  His bedroom door was locked.  He keeps his bedroom door locked because we've got guns in there and I don't want the children around.  I knocked the bottom out of the door and got all the guns out and put them in the truck, every one of them.

Clearly admitting to the shooting and stating where she got the gun was against wife's interest at the time she made the statement.  Finally, we must determine whether wife was subjectively aware that her statement was against her interest.  Again, we note that wife made the statement while she was in police custody, charged with shooting at appellant.  Fincher advised wife of her right to remain silent and that "what she said might be used against her."  Additionally, after she gave her statement, Fincher charged wife with attempted murder, shooting

-

into an occupied vehicle and use of a firearm in the commission of a felony.  On the basis of the record before us, we conclude that given the circumstances surrounding the statement, wife understood her statement was against her penal interest.

Appellant's reliance on Cairns v. Commonwealth, 35 Va. App. 1, 542 S.E.2d 771 (2001), and Lilly, 527 U.S. 116, is misplaced. Those cases dealt with the inherent unreliability of confessions of codefendants and accomplices.  While "a co-defendant's confession inculpating the accused is inherently unreliable, and . . . convictions supported by such evidence violate the constitutional right of confrontation," Lee v. Illinois, 476 U.S. 530, 546 (1986), that is not the situation presented in the instant case.

Wife was neither appellant's codefendant nor his accomplice. Indeed, wife was charged with separate offenses that appellant voluntarily reported to the police.  Furthermore, nothing in wife's statement implicates him in her criminal wrongdoing. Rather, the statement recounts wife's actions in retrieving the gun she used to shoot at appellant, the victim in her case, from the bedroom.  There was no attempt in wife's statement to "shift or spread blame" to appellant for her criminal actions.  Lilly, 527 U.S. at 137.  The attempt to shift blame by codefendants or accomplices is the primary concern addressed in the Supreme Court's Confrontation Clause jurisprudence regarding statements against interest.  See, e.g., Lee, 476 U.S. at 541 ("Due to his strong motivation to implicate the defendant and to exonerate himself, a codefendant's statements about what the defendant said

-

or did are less credible than ordinary hearsay evidence.").  That concern is not implicated here.

The trial court found wife's statement to be "clearly [against wife's penal interest] if she's charged with shooting at him.  She makes a statement about where she got the gun.  I think that's clearly against her penal interest.  That's what establishes reliability."  Given the circumstances in which wife gave the statement, we find the record supports the trial court's finding that the statement was against wife's penal interest, that it was reliable and was therefore admissible.[2]  Accordingly, we affirm the judgment of the trial court.

<u>Affirmed</u>.

---

[2] Furthermore, appellant's admissions to the police and his actions at the house were sufficient to support the trial court's finding that he was in knowing possession of the guns.