COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


THANG DUE NGUYEN

MEMORANDUM OPINION[*] BY
v.    Record No. 1806-01-2        JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 11, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     George F. Tidey, Judge

        Patrick R. Bynum, Jr., for appellant.

        Margaret W. Reed, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


     Thang Due Nguyen was convicted in a bench trial of

second-degree murder, in violation of Code § 18.2-32, and use of a

firearm in the commission of a felony, in violation of Code

§ 18.2-53.1.  On appeal, Nguyen contends that the trial court

erred (1) in refusing to allow evidence of Hung Tran's reputation

for violence in the community; and (2) in overruling his motion

for a mistrial on the ground that the Commonwealth failed to

provide him with exculpatory statements.  We affirm the judgment

of the trial court.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  BACKGROUND

### A.  OFFENSES

In the early morning hours of August 27, 2000, Nguyen and his friends were seated at several tables near the main entrance of the Golden Dynasty Restaurant in Henrico County.  One of Nguyen's friends, Bien Lien, and the victim, Hung Tran, went outside to talk.  While Lien and Tran spoke outside, a female friend of Nguyen went to a window to listen to what became an argument.

When Tran returned, the female friend threw a bottle at him and they began to argue.  Concerned that a fight would occur, one of Tran's friends ran over and grabbed him.  Tran broke free, and a melee ensued.  The facts regarding what occurred thereafter are in dispute.

The Commonwealth presented evidence that once the melee began, Nguyen and an unidentified man went outside to the parking lot.  A witness testified that, while in the parking lot, Nguyen passed a machete and nightstick to the unidentified man.  They returned to the restaurant.  In the vestibule of the restaurant, a friend of Tran's was holding Tam Pham, a friend of Nguyen's, in a bear hug.  Nguyen stated, "I'm bringing in a toy," which is slang for "bringing in a weapon."

Upon hearing this, Tran's friend released Pham and reached for Nguyen.  He was unsuccessful.  Pham and Nguyen left the vestibule, and two shots were fired.  David Nguyen, another of Tran's friends and a participant in the melee, heard the shots and

-

looked up to see Nguyen's arm pointed at Tran who was lying on the floor. Nguyen and Pham fled the restaurant. Both were apprehended outside.

Nguyen's account of what occurred after the fighting began differs from the Commonwealth's. According to Nguyen, he and a friend were in the restroom when the fight began. When they emerged, he saw one of his friends on the floor and he perceived that some of his other friends might be in danger. As a result, he immediately went to their assistance. As he entered the melee, Tran confronted him.

Nguyen testified that Tran had a broken beer bottle in his hand and came toward him in a menacing manner. Nguyen attempted to retreat, but was blocked by the crowd and by tables and chairs. Tran continued his aggressive moves. Fearing for his safety, Nguyen pulled a pistol from his pants and shot twice at Tran. Tran was hit once in the back. Once the shots were fired, patrons and combatants hurriedly left the restaurant. Nguyen was apprehended outside the restaurant.

## B. TRIAL

Nguyen was indicted for first-degree murder, in violation of Code § 18.2-32, and for use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1. He waived trial by jury, and a bench trial was held.

Beth Liper, Nguyen's one time foster mother, was called as a witness for the Commonwealth. Ms. Liper testified that she went

-

to visit Nguyen in jail.  The purpose of the visit was to help her decide whether she would post his bond.  She did not speak to the police prior to the visit.

On direct examination, Ms. Liper testified to the content of the conversation with Nguyen.  Nguyen objected, arguing that she was an agent of the Commonwealth and that her statement had not been provided prior to trial.  The trial court overruled the objection.  Continuing, Ms. Liper stated that Nguyen admitted leaving the restaurant, obtaining a gun from his car, and returning to shoot Tran.  She said when she asked him how he could shoot someone twice and in the back, he just lowered his head and did not answer.

After the Commonwealth rested its case, Nguyen objected to Ms. Liper's testimony.  He asserted that she was a police agent and that his statements to her were exculpatory and therefore should have been provided pre-trial, pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  The trial court overruled the objection, holding that the statements were properly admitted because they were not exculpatory.

In his case-in-chief, Nguyen called Hanh Nguyen as a witness to testify as to Tran's reputation for violence in the community. Hanh Nguyen, who was not at the restaurant during the events on trial, testified that he had seen Tran involved in two fights in the past.  The Commonwealth's attorney objected to the testimony

-

of specific acts of violence.  The trial court overruled the objection.  The defense attorney then asked:

> MR. BYNUM [DEFENSE ATTORNEY]:  Now, does or did the deceased have a reputation for violence and fighting in the community?
>
> THE COURT:  Wait a minute now.  If the victim [Tran] wasn't a friend of his, I'm not, I don't think he can testify to that.  I'm not going to allow that.
>
> MR. BYNUM:  I'm sorry, Judge, I didn't hear that.
>
> THE COURT:  If the victim wasn't a friend of his and he didn't know him much, didn't know him much, I'm not going to allow that.
>
> MR. BYNUM:  Judge, I, I, the situation is that he observed him twice in a fight.
>
> THE COURT:  That's right.
>
> MR. BYNUM:  And as a result of that and he knows him, and he's certainly known in his community and I, and I, and I think he's very competent to testify what he has a reputation --
>
> THE COURT:  I'm not going to allow it. Well, go on.
>
> MR. BYNUM:  All right.  I will accept the Court's ruling.  That's all the questions I have.

Defense counsel made no proffer of Hanh Nguyen's expected answer as to the foundation question of whether he was familiar with Tran's reputation in the community for violence and fighting. He made no proffer of what, assuming a proper foundation was laid, Hanh Nguyen's testimony would be as to that reputation.

-

The defense rested and moved the court to strike the Commonwealth's evidence on the ground that it did not prove his guilt beyond a reasonable doubt.  Nguyen further moved for a mistrial, asserting the Commonwealth's failure to provide him exculpatory statements made by Ms. Liper.  Both motions were denied.  The trial court convicted Nguyen of second degree murder, in violation of Code § 18.2-32, and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.  It sentenced him to twenty years incarceration, with ten years suspended, for second-degree murder, and to three years incarceration for using a firearm during the commission of a felony.  He appeals that judgment.

## II.  ANALYSIS

Nguyen contends that the trial court erred (1) in refusing to allow evidence of Hung Tran's reputation for violence in the community; and (2) in denying his motion for a mistrial on the ground that the Commonwealth failed to provide him exculpatory statements.  We disagree.

## A.  REPUTATION EVIDENCE

Nguyen contends that the trial court erred in rejecting evidence of Hung Tran's reputation in the community for violence.  However, he failed to proffer a proper foundation that his witness was familiar with Tran's reputation.  He made no proffer to Hanh Nguyen's expected testimony as to that reputation.  Thus he has provided us no basis on which to grant

-

the relief that he seeks.  See Brant v. Commonwealth, 32 Va. App. 268, 280, 527 S.E.2d 476, 481-82 (2000).

### B.  EXCULPATORY EVIDENCE WAS NOT WITHHELD

Nguyen next contends that the trial court erred in denying his motion for a mistrial, arguing that the Commonwealth failed to provide him with exculpatory evidence in violation of Brady, 373 U.S. 83.  We disagree.

Due process is violated if the prosecution suppresses requested evidence favorable to the accused and the evidence suppressed is material to guilt or punishment.  Id. at 87. Nguyen claims that his statements to Liper that he had no choice but to shoot Tran because "it was either him or me" and that he had to defend himself were exculpatory and should have been disclosed prior to trial.  He argues that had he had the benefit of those statements his trial strategy would have been altered to maximize and bolster his self-defense theory.

Nguyen's statements were not exculpatory.  He told Liper that he left the restaurant to get a gun and returned to shoot Tran.  He further told her that he returned from the safety of the parking lot to confront Tran.  His statements to Liper did not support his self-defense theory and were not exculpatory. Furthermore, the statements came in at trial, and he had the full benefit of them.  He made no showing that the Commonwealth's failure to disclose the statements prior to trial

-

in any way prejudiced him either in his conduct of the trial or in the trial's outcome.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>